UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARCO PETERS, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br>     v.<br><br>JINKOSOLAR HOLDING CO., LTD., XIANDE LI, KANGPING CHEN, XIANHUA LI, WING KEONG SIEW, HAITAO JIN, ZIBIN LI, STEVEN MARKSCHEID, LONGGEN ZHANG, CREDIT SUISSE SECURITIES (USA) LLC, OPPENHEIMER & CO. INC., ROTH CAPITAL PARTNERS, LLC, and COLLINS STEWART LLC,<br><br>                              Defendants. | Civil Action No. 1:11-cv-07133-JPO |

**MEMORANDUM OF LAW IN SUPPORT OF THE JINKOSOLAR INVESTOR GROUP'S MOTION FOR (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

**TABLE OF CONTENTS**

                                                **Page**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

FACTUAL BACKGROUND .................................................................................................... 2

ARGUMENT .............................................................................................................................. 4

    I.    THE JINKOSOLAR INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS ................................................................. 4

        A.    The PSLRA's Provisions Concerning The Appointment Of A Lead Plaintiff .............................................................................................. 4

        B.    Under The PSLRA, The JinkoSolar Investor Group Should Be Appointed Lead Plaintiff ...................................................................... 5

            1.    The JinkoSolar Investor Group Filed A Timely Motion ................ 6

            2.    The JinkoSolar Investor Group Has The Largest Financial Interest In The Relief Sought By The Class ................................... 6

            3.    The JinkoSolar Investor Group Meets Rule 23's Typicality And Adequacy Requirements .......................................................... 7

    II.   THE COURT SHOULD APPROVE the JinkoSolar Investor Group'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL ............................. 10

CONCLUSION ........................................................................................................................ 11

# TABLE OF AUTHORITIES

**Cases**          **Page(s)**

*Barnet v. Elan Corp.*,
   236 F.R.D. 158 (S.D.N.Y. 2005) ..................................................................................................8

*Blackmoss Investments, Inc. v. ACA Capital Holdings, Inc.*,
   252 F.R.D. 188 (S.D.N.Y. 2008) ...............................................................................................8, 9

*Foley v. Transocean Ltd.*,
   272 F.R.D. 126 (S.D.N.Y. 2011) ........................................................................................4, 5, 7

*In re General Elec. Sec. Litig.*,
   No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29, 2009) ......... *passim*

*Greebel v. FTP Software, Inc.*,
   939 F. Supp. 57 (D. Mass. 1996) ................................................................................................6

*Kokkinis v. Aegean Marine Petroleum Network, Inc.*,
   No. 11 Civ. 0917 (BSJ) (JCF), 2011 U.S. Dist. LEXIS 54939
   (S.D.N.Y. May 19, 2011).........................................................................................................9, 10

*Lax v. First Merchants Acceptance Corp.*,
   No. 97-C-2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ...................................6

*In re Nice Sys., Ltd. Sec. Litig.*,
   188 F.R.D. 206 (D.N.J. 1999)......................................................................................................6

*In re Orion Sec. Litig.*,
   No. 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368 (S.D.N.Y. July 7, 2008) ....................8

*Pipefitters Local No. 636 Defined Benefit Plan v. Bank of America Corp.*,
   No. 11 Civ. 733 (WHP), 2011 U.S. Dist. LEXIS 69022 (S.D.N.Y. June 20, 2011) .................9

*Strougo v. Brantley Capital Corp.*,
   243 F.R.D. 100 (S.D.N.Y. 2007) ................................................................................................8

*In re Tronox, Inc. Sec. Litig.*,
   262 F.R.D. 338 (S.D.N.Y. 2009) ................................................................................................5

**STATUTES**

15 U.S.C. § 78u-4(a)(1) .....................................................................................................................4

15 U.S.C. § 78u-4(a)(3)(A)(i) .......................................................................................................4, 6

15 U.S.C. § 78u-4(a)(3)(B).............................................................................................................1, 7

15 U.S.C. § 78u-4(a)(3)(B)(i) ...........................................................................................................4

15 U.S.C. § 78u-4(a)(3)(B)(iii) ...................................................................................................2

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ...............................................................................................5

15 U.S.C. §78u-4(a)(3)(B)(I) ......................................................................................................4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ........................................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ..............................................................................................5

15 U.S.C. § 78u-4(a)(3)(B)(v) ....................................................................................................2

15 U.S.C. § 78u-4(e)(1) ..............................................................................................................7

Section 21D(a)(2) .......................................................................................................................6

Sections 11, 12(a)(2) and 15 of the Securities Exchange Act of 1933 .................................1, 4

Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ..........................................1

Securities Act of 1933 ................................................................................................................1

**OTHER AUTHORITIES**

Fed. R. Civ. P. Rule 10b-5 .........................................................................................................1

Fed. R. Civ. P. Rule 23 ......................................................................................................2, 5, 7

Fed. R. Civ. P. Rule 23(a) ..........................................................................................................7

Fed. R. Civ. P. Rule 23(a)(4) .....................................................................................................8

Movants Alan Schreiber and Conseiller Rejean Noel Inc. (the "JinkoSolar Investor Group"), on behalf of itself and the Class defined herein, respectfully submits this memorandum of law pursuant to Section 21D(a)(3)(B) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), in support of its motion for the entry of an order: (1) appointing the JinkoSolar Investor Group as Lead Plaintiff in the action; and (2) approving the JinkoSolar Investor Group's selection of the law firm of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel.

## PRELIMINARY STATEMENT

Presently pending in this District is a securities class action (the "Action") brought on behalf of a putative class (the "Class") of investors who suffered damages as a result of their transactions in the New York Stock Exchange-traded ADSs [NYSE: JKS] (the "ADSs") of JinkoSolar Holding Co., Ltd. ("JinkoSolar" or the "Company") between May 13, 2010 and September 21, 2011 (the "Class Period"), either in or traceable to a May 13, 2010 Initial Public Offering ("IPO") or otherwise on the open market.  In connection therewith, the JinkoSolar Investor Group seeks to be appointed Lead Plaintiff, and to approve its selection for Lead Counsel.

The Action alleges violations of (i) Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act") and (ii) Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Securities Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder.  In this regard, the Action alleges misconduct by JinkoSolar, the Company's officers and directors, and underwriters participating in JinkoSolar's IPO on May 13, 2010.

With respect to the appointment of a lead plaintiff to oversee the Action, Congress established a presumption in the PSLRA that requires the Court to appoint as lead plaintiff the "person or group of persons" who demonstrate the "largest financial interest in the litigation" and

1

who also satisfies Rule 23's typicality and adequacy requirements for class representatives. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

With total losses of $45,567.07, the JinkoSolar Investor Group, to the best of counsels' knowledge, has the largest financial interest in the litigation of any movant. The JinkoSolar Investor Group also satisfies Rule 23's typicality and adequacy requirements. The JinkoSolar Investor Group's claims are typical of the Class's claims because it suffered losses in its JinkoSolar investments as a result of the defendants' false and misleading statements. Further, the JinkoSolar Investor Group has no conflict with the Class and will adequately protect the Class's interests given the JinkoSolar Investor Group's significant stake in the litigation and its conduct to date in prosecuting the litigation, including its submission of the requisite certifications and selection of experienced class counsel. Accordingly, the JinkoSolar Investor Group is the presumptive Lead Plaintiff.

Lastly, if appointed Lead Plaintiff, the JinkoSolar Investor Group is entitled to select, subject to the Court's approval, lead counsel to represent the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The JinkoSolar Investor Group has engaged the Faruqi Firm for this purpose. The Faruqi Firm is an appropriate selection to serve as Lead Counsel because it is a highly experienced plaintiffs' firm with substantial securities class action experience.

For the reasons summarized above and those explained more fully below, the JinkoSolar Investor Group's motion should be granted in its entirety.

### FACTUAL BACKGROUND

This is a federal securities class action on behalf of a class consisting of all persons other than defendants who purchased the American Depositary Shares ("ADS") of JinkoSolar pursuant to and/or traceable to the Company's IPO on or about May 13, 2010, as well as purchasers of the Company's ADS during the Class Period.

During the Class Period, Defendants made materially false and misleading statements, and failed to make subsequent disclosures required by federal law to make the earlier statements not misleading, related to the Company's compliance with all relevant environmental regulations at its solar cell manufacturing plant in Hongxiao, Haining City in Zhejiang Province, People's Republic of China ("PRC") (the "Manufacturing Plant").  In addition, as set forth separately below, some of the Defendants made these false statements knowingly and/or recklessly.

During the Class Period, JinkoSolar repeatedly told investors that it was in full compliance with all PRC environmental regulations at its facilities, including the Manufacturing Plant.  These statements were false when made.  On Thursday, September 15, 2011, news started to break that local residents living near the Manufacturing Plant angrily demonstrated outside the facility following a massive die-off of fish over the previous month in the river flowing immediately adjacent to the plant.  Over the next three days, as JinkoSolar stonewalled its neighbors, the protests became increasingly violent, and some protestors broke into the facility, overturning cars (including four police cars) and damaging buildings.

Over the weekend of September 17-18, 2011, tests confirmed that JinkoSolar was polluting the river with toxic sludge, and the PRC government ordered the facility to stop production and take remedial action.  The plant closure was reported in the Western press on Monday, September 19, 2011 and Tuesday, September 20, 2011.  From the closing price of $10.02 on the prior Wednesday, the ADSs lost 42.5% of their value in a single week, closing at $5.76 on Wednesday, September 21, 2011, the last day of the Class Period.

Only after the protests and plant closure did JinkoSolar admit that it had been fined for failing to comply with environmental regulations in May 2011.  JinkoSolar also admitted, belatedly, that on September 7, 2011, the Company agreed to pay compensation for crop damage

3

as well as the death of any livestock and wildlife arising from the pollution incident, but never bothered to tell investors of the mounting problems until it issued a press release on September 22, 2011, following the news that had already been reported over the previous week.

The Action asserts securities fraud claims under Sections 10(b) and 20(a) of the Exchange Act on behalf of purchasers of the ADSs during the Class Period, as well as non-fraud prospectus liability claims under Sections 11, 12(a)(2) and 15 of the Securities Act on behalf of purchasers of ADSs in or traceable to, as the case may be, the May 13, 2010 IPO. The Action is the only chance Class members will have to receive compensation for defendants' false and misleading statements and omissions, and the JinkoSolar Investor Group seeks to ensure that investors receive the maximum possible recovery.

## ARGUMENT

I.  **THE JINKOSOLAR INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE CLASS**

    A.  **The PSLRA's Provisions Concerning The Appointment Of A Lead Plaintiff**

The PSLRA governs the appointment of a lead plaintiff for "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a)(1) & (a)(3)(B)(I). It provides that within 20 days of the filing of the action, the plaintiff in the first-filed action is required to publish a notice in a widely circulated business-oriented publication or wire service, informing class members of their right to move the Court, within 60 days of the publication, for appointment as lead plaintiff. *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 127 (S.D.N.Y. 2011) (citing 15 U.S.C. § 78u-4(a)(3)(A)(i)).

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court is then to consider any motion made by class members and is to appoint as lead plaintiff the movant that the Court determines to be

"most capable of adequately representing the interests of class members." Further, the PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the person or group of persons that:

> (aa)   has either filed the complaint or made a motion in response to a notice (published by a complainant);
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Foley*, 272 F.R.D. at 127 (describing the PSLRA's two-step competitive process for determining the "most adequate plaintiff"); *In re Tronox*, 262 F.R.D. at 343-44 (same).

Once it is determined who among the movants seeking appointment as lead plaintiff is the presumptive lead plaintiff, the presumption can be rebutted only upon proof by a class member that the presumptive lead plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Foley*, 272 F.R.D. at 127; *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009).

### B.   Under The PSLRA, The JinkoSolar Investor Group Should Be Appointed Lead Plaintiff

As discussed below, the JinkoSolar Investor Group should be appointed Lead Plaintiff because all of the PSLRA's procedural hurdles have been satisfied, the JinkoSolar Investor Group holds the largest financial interest of any movant, and the JinkoSolar Investor Group otherwise satisfies Rule 23's typicality and adequacy requirements.

Case 1:11-cv-07133-JPO   Document 20   Filed 12/12/11   Page 10 of 15

### 1. The JinkoSolar Investor Group Filed A Timely Motion

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the first plaintiff to file a complaint in the Actions was required to publish notice of the complaint within twenty (20) days of its filing. Counsel for Marco Peters published notice of the lead plaintiff deadline via *Business Wire* on October 11, 2011.[1] *See* Gonnello Decl., Ex. A.[2] Consequently, any member of the proposed Class in the Action was required to seek to be appointed lead plaintiff within 60 days after publication of the notice (*i.e.*, on or before December 12, 2011). *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Thus, the JinkoSolar Investor Group's motion, which was filed on December 12, 2011, was timely filed. Additionally, pursuant to Section 21D(a)(2) of the Exchange Act, the JinkoSolar Investor Group timely signed and submitted certifications with its motion, identifying all of its relevant JinkoSolar trades during the Class Period, and detailing the JinkoSolar Investor Group's suitability to serve as lead plaintiff in this case. *See* Gonnello Decl., Ex. B and C. The PSLRA's procedural requirements have therefore been met.

### 2. The JinkoSolar Investor Group Has The Largest Financial Interest In The Relief Sought By The Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person with the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

---

[1] Publication by *Business Wire* is an adequate means for meeting the statutory requirement that notice be published "in a widely circulated business-oriented publication or wire service." *See In re Nice Sys., Ltd. Sec. Litig.*, 188 F.R.D. 206, 215 (D.N.J. 1999); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchants Acceptance Corp.*, No. 97-C-2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 6, 1997).

[2] All references to Exhibits are references to the exhibits annexed to the Declaration of Richard W. Gonnello, dated December 12, 2011, filed in support hereof.

Although the PSLRA is silent as to the methodology courts are to use in determining which movant has the largest financial interest in the relief sought, courts in this Circuit often look to four factors in the inquiry: (1) the number of shares purchased during the Class Period; (2) the number of net shares purchased during the Class Period; (3) the total net funds expended during the Class Period; and (4) the approximate losses suffered. *See Foley*, 272 F.R.D. at 127-28 (citations omitted); *In re General Elec. Sec. Litig.,* No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, at *9 (S.D.N.Y. July 29, 2009). Courts have placed the most emphasis on the last of the four factors: the approximate loss suffered by the movant. *Foley*, 272 F.R.D. at 128 (citations omitted); *In re General Elec.*, 2009 U.S. Dist. LEXIS 69133, at *11 (citation omitted).

Overall, the JinkoSolar Investor Group purchased 4,530 shares of JinkoSolar ADS during the Class Period, expended $68,851.10 net funds, and suffered losses of $45,567.07[3] when calculated using either a first in, first out ("FIFO") methodology or last in, first out ("LIFO") methodology.[4] *See* Gonnello Decl., Exs. D and E. The JinkoSolar Investor Group is presently unaware of any other movant with a larger financial interest in the outcome of this litigation.

### 3. The JinkoSolar Investor Group Meets Rule 23's Typicality And Adequacy Requirements

In addition to possessing the largest financial interest in the outcome of the litigation, the PSLRA also requires that the lead plaintiff satisfy Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B). When assessing potential lead plaintiffs, only Rule

---

[3] Because the JinkoSolar Investor Group held shares through the end of the Class Period, certain losses are calculated based on JinkoSolar's average closing price of $6.9922 per share between September 21, 2011 and December 7, 2011, which represents the best approximation of the 90-day period immediately following dissemination to the market of the information correcting the omissions and misstatements inflating the share price. *See* 15 U.S.C. §78u-4(e)(1).

[4] These calculations are solely for purposes of this motion and are not meant to represent the amount of, or method of calculation of, damages that plaintiffs may present at trial.

23(a)'s typicality and adequacy requirements are relevant.  *See, e.g.*, *Strougo v. Brantley Capital Corp.*, 243 F.R.D. 100, 105 (S.D.N.Y. 2007); *see also Blackmoss Investments, Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 191 (S.D.N.Y. 2008) ("At this stage of the litigation, the moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.") (citation omitted).

Typicality is established where each class member's claim "arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."  *Blackmoss* 252 F.R.D. at 191 (citing *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992), *cert. denied*, 506 U.S. 1088 (1993)).  However, the claims of the class representative need not be identical to those of all members of the class.  *Id.*; *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368, at *12 (S.D.N.Y. July 7, 2008) ("Indeed, the possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact.") (internal quotations and citation omitted).

The JinkoSolar Investor Group's claims are clearly typical of the Class's claims.  The JinkoSolar Investor Group purchased JinkoSolar securities during the Class Period, suffered damages as a result of the Company's false and misleading statements, and possesses claims against JinkoSolar, its officers and/or directors, and underwriters participating in JinkoSolar's IPO on May 13, 2010 under the federal securities laws.  Because the factual and legal bases of the JinkoSolar Investor Group's claims are similar, if not identical, to those of the Class's claims, the JinkoSolar Investor Group necessarily satisfies the typicality requirement.  *See Barnet v. Elan Corp.*, 236 F.R.D. 158, 163 (S.D.N.Y. 2005) (investor group typical where it asserted that it

"purchased [company's] securities during the class period and was injured by false and misleading representations made by defendants in violation of the [Exchange] Act").

With respect to adequacy, Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the Class." Adequate representation will be found if able and experienced counsel represents the representative, and the representative has no fundamental conflicts of interest with the interests of the class as a whole. *See Pipefitters Local No. 636 Defined Benefit Plan v. Bank of America Corp.*, No. 11 Civ. 733 (WHP), 2011 U.S. Dist. LEXIS 69022, at *8 (S.D.N.Y. June 20, 2011) ("In considering the adequacy of a proposed lead plaintiff, a court must consider: (1) whether the lead plaintiff's claims conflict with those of the class; and (2) whether class counsel is qualified, experienced, and generally able to conduct the litigation.") (citation omitted); *In re General Elec.*, 2009 U.S. Dist. LEXIS 69133, at *15 (Plaintiff "satisfies the adequacy requirement because its interests are aligned with those of the putative class, and it has retained competent and experienced counsel.").

As evidenced by the representations in the JinkoSolar Investor Group's certifications, its interests are perfectly aligned with – and by no means antagonistic to – the interests of the Class. *See Kokkinis v. Aegean Marine Petroleum Network, Inc.*, No. 11 Civ. 0917 (BSJ) (JCF), 2011 U.S. Dist. LEXIS 54939, at *4 (S.D.N.Y. May 19, 2011) (movant's certification evidenced adequacy to serve as lead plaintiff); *Blackmoss*, 252 F.R.D. at 191 (same). Moreover, the JinkoSolar Investor Group has selected and retained highly competent counsel to litigate the claims on behalf of himself and the Class. As explained below in Section II, the Faruqi Firm is highly regarded for its experience, knowledge, and ability to conduct complex securities class action litigation. *See* Gonnello Decl., Ex. F. Consequently, the JinkoSolar Investor Group is

9

more than adequate to represent the Class and has every incentive to maximize the Class's recovery.

In light of the foregoing, the JinkoSolar Investor Group respectfully submits that he is the presumptive Lead Plaintiff and should be appointed Lead Plaintiff for the Action.

## II. THE COURT SHOULD APPROVE THE JINKOSOLAR INVESTOR GROUP'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the lead plaintiff is entitled to select and retain lead counsel for the Class, subject to the Court's approval. The JinkoSolar Investor Group has selected the Faruqi Firm to be Lead Counsel for the Class. As reflected in the firm's resume, the Faruqi Firm possesses extensive experience litigating complex class actions on behalf of plaintiffs, including securities class actions. *See* Gonnello Decl., Ex. F. Accordingly, the Faruqi Firm is well qualified to represent the Class, and the JinkoSolar Investor Group requests that the Court approve its selection of the Faruqi Firm as Lead Counsel for the putative class. *See Kokkinis*, 2011 U.S. Dist. LEXIS 54939, at *4-5 (citations omitted).

## CONCLUSION

For the foregoing reasons, the JinkoSolar Investor Group respectfully requests that the Court: (1) appoint the JinkoSolar Investor Group as Lead Plaintiff for the Action; (2) approve the JinkoSolar Investor Group's selection of the Faruqi Firm as Lead Counsel for the Class; and (3) grant such other relief as the Court may deem just and proper.

Dated:  December 12, 2011

                                      Respectfully submitted,

                                      By: */s/ Richard W. Gonnello*

                                      **FARUQI & FARUQI, LLP**
                                      Richard W. Gonnello
                                      Francis P. McConville
                                      369 Lexington Avenue, 10th Floor
                                      New York, New York 10017
                                      Tel: 212-983-9330
                                      Fax: 212-983-9331
                                      Email: rgonnello@faruqilaw.com
                                                   fmcconville@faruqilaw.com

                                      *Attorneys for the JinkoSolar Investor Group*