**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
———————————————————— x
MARCO PETERS, Individually and on Behalf :
of All Others Similarly Situated,          :
                                           :          11 Civ. 7133 (JPO)
        vs.                                :
                                           :
JINKOSOLAR HOLDING CO., LTD., et al.       :
———————————————————— x
```

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE INDIVIDUAL**
**INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF**
**AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL**

## I.        INTRODUCTION

Pursuant to the requirements of the Private Securities Litigation Reform Act of 1995 (the

"PSLRA") investors Marco Peters, Vaughn Leroy Meyer and Richard Matkevich (collectively

the "Individual Investor Group" or "Movants") hereby move this Court for the entry of an Order

appointing them Lead Plaintiff.  Movants respectfully submit that they should be appointed Lead

Plaintiff because, to the best of their knowledge, they have the greatest financial interest of any

moving class member or plaintiff who has brought suit or who will file an application to serve as

Lead Plaintiff in this action.[1]  Movants also satisfy the requirements of Rule 23 of the Federal

Rules of Civil Procedure because their claims are typical and because they will fairly and

adequately represent the interests of the class.  *See Basin v. Decode Genetics, Inc.*, 230 F.R.D.

313, 316 (S.D.N.Y. 2005).

---

[1] *See* Declaration of Jacob H. Zamansky, Esq. in Support of the Motion of the Individual
Investor Group for Appointment as Lead Plaintiff (the "Zamansky Decl."), Exs. 2-4.

## II.      FACTUAL BACKGROUND

This is a securities class action on behalf of all persons and entities other than Defendant JinkoSolar Holding Co., Ltd. ("JinkoSolar" or the "Company"), its affiliates and subsidiaries and all other Defendants named in this action, who purchased or otherwise acquired JinkoSolar New York Stock Exchange-traded ADSs, CUSIP 47759T100 [NYSE: JKS] (the "ADSs") between May 13, 2010 and September 21 , 2011 (the "Class Period"), either in or traceable to a May 13, 2010 Initial Public Offering or otherwise on the open market, and were damaged thereby.

During the Class Period, Defendants made materially false and misleading statements concerning JinkoSolar's compliance with relevant environmental regulations at its solar cell manufacturing plant in Hongxiao, Haining City in Zhejiang Province, People's Republic of China (the "Manufacturing Plant").  Most notably, JinkoSolar repeatedly told investors that it was in full compliance with all PRC environmental regulations at its facilities, including the Manufacturing Plant.

Over the weekend of September 17-18, 2011, following a protest and riot by affected local residents, tests confirmed that JinkoSolar was polluting the river with toxic waste, and the PRC government ordered the facility to stop production and take remedial action.  The plant closure was reported in the Western press on Monday, September 19, 2011 and Tuesday, September 20, 2011.  From the closing price of $10.02 the previous week, the ADSs lost 42.5% of their value in a single week as a direct result of the disaster in Haining, closing at $5.76 on Wednesday, September 21, 2011.  It was later reported that environmental problems at the Manufacturing Plant predated the May, 2010 IPO, despite representations to the contrary in the prospectus and later filings with the SEC.

### III.    ARGUMENT

#### A.    The Lead Plaintiff Provisions of the PSLRA

The PSLRA expressly sets forth the procedure and criteria for the Court's selection of Lead Plaintiff in covered securities class actions.  Specifically, the plaintiff who files the initial action must, within 20 days of filing, publish a notice to class members informing them of their right to move for appointment as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(A)(i).  Within 60 days of publication of the notice, any member of the prospective class may then file a motion for appointment as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  Within 90 days of publication of the notice, the Court shall consider the motions and appoint the class member it determines to be the "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA further provides for a presumption that the most adequate plaintiff is the one that has the largest financial interest and other wise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  This presumption may be rebutted "only upon proof . . . that the presumptively most adequate plaintiff (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, plaintiff Marco Peters filed the only complaint in this action on October 11, 2011, and published notice to all prospective class members on *Business Wire* that same day.  *See*

- 3 -

Zamansky Decl. Ex.1.  Pursuant to the PSLRA requirements set forth above, potential Lead Plaintiffs have until December 12, 2011 to file their motions, and therefore Movants' motion for appointment as Lead Plaintiff is timely and properly before this Court.[2]

**B.      The Individual Investor Group is the "Most Adequate Plaintiff"**

Under the PSLRA "[t]wo objective factors inform the district court's appointment decision" namely (1) "the plaintiffs' respective financial stakes in the relief sought by the class" and (2) "their ability to satisfy the requirements of Rule 23."  *Hevesi v. Citigroup, Inc.*, 366 F.3d 70, 81 (2d Cir. 2004); *see also Bensley v. FalconStor Software, Inc.*, No. 10 CV 4572 (ERK), 2011 WL 3849541, at *2 (E.D.N.Y. Aug.29, 2011) quoting *Hevesi*, 366 F.3d at 81.  The Individual Investor Group satisfies these objective factors.

**1.      The Individual Investor Group Has the Largest Financial Interest in the Relief Sought by the Class**

Although the PSLRA does not provide a specific method for determining a proposed Lead Plaintiff's financial interest, courts in this District, and elsewhere, have applied a certain four-factor test by which the Court considers: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered."  *Canson v. WebMD Health Corp.*, Nos. 11 civ. 5382, 6031 (JFK), 2011 WL 5331713, at *2 (S.D.N.Y. Nov. 7, 2011), *quoting Pipefitters Local No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 190 (S.D.N.Y. 2011).  Of these factors, "[t]he fourth factor, loss suffered, weighs

---

[2] The 60-day period to move for Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) expired on December 10, 2011, a Saturday, and therefore Federal Rule of Civil Procedure 6(a)(1)(C) provides that the period is extended until December 12, 2011.

most heavily in the court's analysis." *Id. (citing Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007)).

During the Class Period, Movants collectively purchased 42,450 shares of JinkoSolar ADSs and had 21,000 net purchases. Movants collectively spent $644,125.36 in connection with these purchases and lost more than $367,397.16 in connection with these purchases. This loss figure is the same regardless of whether one uses a LIFO or FIFO accounting method. To the best of Movants' knowledge, no other applicants seeking appointment as Lead Plaintiff have a larger financial interest. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008) (movant with largest financial loss is presumptive lead plaintiff).

### 2. Movants Otherwise Satisfy Rule 23 of the Federal Rules of Civil Procedure

Rule 23(a) of the federal Rules of Civil Procedure sets forth four prerequisites for maintaining a class action, commonly referred to as numerosity, commonality, typicality and adequacy. *See* Fed. R. Civ. P. 23(a). This Court has recognized, however, that of these four prerequisites "only two – typicality and adequacy – directly address the personal characteristics of the class representative" and therefore at the Lead Plaintiff stage a movant need only make "a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met." *Seidel v. Noah Educ. Holdings, Ltd.*, Nos. 08 Civ. 9203, 9427, 9509 (RJS), 2009 WL 700782, at *2 (S.D.N.Y. Mar. 9, 2009) *quoting Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 412 (S.D.N.Y. 2004) (additional citation omitted); *see also Fuwei*, 247 F.R.D. at 436 (same).

A Lead Plaintiff establishes typicality by demonstrating that "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to

prove the defendant's liability." *Canson*, 2011 WL 5331712 at *4 (*quoting Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992), *cert. denied sub nom., Hart Holding Co., Inc. v. Drexel Burnham Lambert Group, Inc.*, 506 U.S. 1088 (1993)).  Furthermore, "the Lead Plaintiff's claims do not have to be identical to the other class members' claims." *Id. (quoting Weinberg v. Atlas Worldwide Holdings, Inc.*, 216 F.R.D. 248, 253 (S.D.N.Y. 2003)).  Here, Movants' claims arise from allegations of false and misleading statements concerning JinkoSolar's compliance with environmental laws.  Movants allege that when the market slowly learned the truth of JinkoSolar's failure to comply with relevant environmental laws, the value of JinkoSolar ADSs fell by more than 42%.  There is nothing to suggest that Movants' claims are markedly different from those of any other class members, and thus Movants' preliminary showing of typicality is satisfied.

Movants also satisfy the criteria for a preliminary showing of adequacy.  The Court looks to three factors in considering the adequacy of a proposed Lead Plaintiff: "(1) whether the proposed class counsel is qualified, experienced, and generally able to conduct the litigation; (2) whether the proposed lead plaintiff has interests that are antagonistic to other class members; and (3) whether the proposed lead plaintiff and the class possess sufficient interest to pursue vigorous prosecution of their claims." *Canson*, 2011 WL 5331712 at *4 (*quoting Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) (internal citations and quotation marks omitted)).

Here, the Individual Investor Group is comprised of sophisticated, knowledgeable and active investors who will seek to protect the interests of the class.  The size of the group is small and manageable, and the group is prepared to act cohesively as a group and work independently of counsel if necessary.  For example, the three members of the Individual Investor Group met

telephonically on December 8, 2011 to discuss management of the case. *See* Zamansky Decl. Ex. 5. The investors have the contact information of the other members of the Group, and know how to reach each other independently of counsel. The members of the group understand that they have the authority to petition the court to replace lead counsel at their discretion. *Id*. In addition, there is nothing to suggest that Movants' interests conflict in any way with those of other class members.

Finally, Movants have aggregate losses in excess of $367,000, and therefore are highly motivated to pursue recovery for all class members. These facts are sufficient to demonstrate adequacy at the Lead Plaintiff stage. *See Canson*, 2011 WL 5331712 at *4 (presumptive lead plaintiff satisfies adequacy requirement where it retained "competent" counsel, presented no evidence of conflict with other class members, and had a "significant financial stake" in the litigation).

## C.    The Court Should Approve Movants' Selection of Lead Counsel

The PSLRA provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). Courts should not disturb the Lead Plaintiff's selection of counsel unless necessary to "protect the interests of the plaintiff class." H.R. Conf. Rpt. No. 104-369, at 35, 104th Cong. 1st Sess. (Nov. 28, 1995).

Movants have retained the law firm of Zamansky & Associates LLC, a leading New York-based law firm specializing in securities fraud and financial services arbitration and litigation. Jacob Zamansky, the firm's founder, has more than three decades of experience practicing securities law and the firm's associates are highly experienced in this arena as well. The firm files cases across the United States on behalf of individual and institutional investors,

and has recovered tens of millions of dollars for its clients.  Movants are also represented by Sianni & Straite LLP, a Delaware-based firm with an office in New York, that focuses on investor protection litigation, and whose principals have extensive experience in securities class action litigation of this type.  All attorneys at both firms are admitted to practice in New York. *See* the firm resumes for Zamansky & Associates LLC and Sianni & Straite LLP, Zamansky Exs. 6 and 7.  Accordingly, Movants choice of experienced counsel should be approved.

## IV.   CONCLUSION

For all the foregoing reasons, the Individual Investor Group respectfully requests that the Court appoint it as Lead Plaintiff and approve their selection of Zamansky & Associates LLC and Sianni & Straite LLP as Lead Counsel.

DATED: December 12, 2011                    Respectfully submitted,


                                        */s/ Jacob H. Zamansky*
                                        **ZAMANSKY & ASSOCIATES LLC**
                                        JACOB H. ZAMANSKY
                                        EDWARD H. GLENN, Jr.
                                        KEVIN D. GALBRAITH
                                        50 Broadway, 32nd Floor
                                        New York, NY  10004
                                        Tel.: (212) 742-1414
                                        Fax: (212) 742-1177
                                        *jake@zamansky.com*

                                        **SIANNI & STRAITE LLP**
                                        DAVID A. STRAITE
                                        RALPH N. SIANNI
                                        100 Park Avenue, Suite 1600
                                        New York, NY  10017
                                        Tel.: (212) 984-0794
                                        Fax: (302) 358-2975
                                        *dstraite@siannistraite.com*

                                        *Attorneys for Individual Investor Group*