UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARCO PETERS, Individually and On Behalf of All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>vs.<br><br>JINKOSOLAR HOLDING CO., LTD., XIANDE LI, KANGPING CHEN, XIANHUA LI, WING KEONG SLEW, HAITAO JIN, ZIBIN LI, STEVEN MARKSCHEID, LONGGEN ZHANG, CREDIT SUISSE SECURITIES (USA) LLC, OPPENHEIMER & CO. INC., ROTH CAPITAL PARTNERS, LLC, and COLLINS STEWART LLC,<br><br>                      Defendants. | **CASE NO.: 1:11-cv-07133-JPO** |

**MEMORANDUM IN SUPPORT OF ABDULLAH AL MAHMUD, AZRIEL SHUSTERMAN, AND DR. RONALD SNYDER'S MOTION TO BE APPOINTED AS LEAD PLAINTIFFS AND FOR APPROVAL OF THEIR CHOICE OF COUNSEL**

**PRELIMINARY STATEMENT**

Presently pending before the Court is one securities class action lawsuit (the "Action") brought on behalf of all persons or entities (the "Class") of investors who purchased JinkoSolar Holding Co., Ltd. ("JinkoSolar" or "JKS" or the "Company") (NYSE: JKS) ADSs between the period of May 13, 2010 and September 21, 2011 (the "Class Period"). Plaintiffs allege violations of the Securities Act of 1933 ("Securities Act") and the Securities Exchange Act of 1934 ("Exchange Act") against JinkoSolar, several of its officers, and several underwriters of its May 13, 2010 IPO.

Class members Abdullah al Mahmud, Azriel Shusterman, and Dr. Ronald Snyder ("Movants") hereby move this Court, pursuant to Sections 27(a)(3)(B) and 21D(a)(3)(B) of the Securities Act and Exchange Act, respectively, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for an order:  (a) appointing Movants as lead plaintiffs in the Action; and (b) approving Movants' choice of Bernstein Liebhard LLP ("Bernstein Liebhard") as lead counsel for the Class.

During the Class Period, Movants suffered losses of approximately $278,822 from their investments in JKS.  Movants believe that their losses represent the largest financial interest in the outcome of the litigation.

**STATEMENT OF FACTS**

Plaintiffs allege that Defendants violated the federal securities laws by making materially false and misleading statements during the Class Period.

JinkoSolar is one of the world's largest manufacturers of photovoltaic ("PV") products, including crystalline ingots, wafers, cells and mono- and multi-crystalline PV panels. Based in the People's Republic of China, JinkoSolar launched an IPO in the United States on May 13,

2010 issuing 5,835,000 ADSs to trade on the New York Stock Exchange, representing 23,340,000 ordinary shares. In the IPO Prospectus, Registration Statement, and subsequent SEC filings, JinkoSolar assured investors that it was in full compliance will all PRC environmental regulations.

After a recent, massive die-off of fish in a river adjacent to JinkoSolar's primary manufacturing facility in Haining, hundreds of local residents protested and eventually ransacked the facility. Thirty-one people were detained by police, and the facility was shut for several weeks. JinkoSolar has since admitted that it was responsible for the environmental contamination and agreed to take remedial action. JinkoSolar admitted at a press conference that "we cannot shirk responsibility for the legal consequences which have come from management slips." Following the disclosure of the contamination, JinkoSolar's ADSs lost more than 42% of their value in a single week, wiping out millions of dollars of shareholder value.

## ARGUMENT

I. **THE COURT SHOULD APPOINT MOVANTS AS LEAD PLAINTIFFS**

   A. **The Procedure Required By The PSLRA**

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act and the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and 21D(a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B); Sections 27(a)(1) and 27(a)(3)(B), 15 U.S.C. §§ 77z-1(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. Section 21D(a)(3)(A)(i), 15 U.S.C. § 78u-4(a)(3)(A)(i); Section 27(a)(3)(A)(i), 15 U.S.C. § 77z-1(a)(3)(A)(i). The PSLRA requires the court to consider within

90 days all motions, filed within 60 days after publication of that notice, made by any person or group of persons who are members of the proposed class to be appointed lead plaintiff.  Sections 21D(a)(3)(A)(i)(II) and 21D(a)(3)(B)(i), 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i); Sections 27(a)(3)(A)(i)(II) and 27(a)(3)(B)(i), 15 U.S.C. §§ 77z-1(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Section 21D(a)(3)(B)(iii)(I), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); Section 27(a)(3)(B)(iii)(I), 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).  The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  Section 21D(a)(3)(B)(iii)(II), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); Section 27(a)(3)(B)(iii)(II), 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

As set forth below, Movants satisfy the foregoing criteria and are not aware of any unique defenses that Defendants could raise against them.  Therefore, Movants are entitled to the presumption that they are the most adequate lead plaintiffs to represent Plaintiffs and, as a result, should be appointed lead plaintiffs in the Action.

### 1. **Movants Are Willing To Serve As Class Representatives**

On October 11, 2011, counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 27(a)(3)(A)(i) and 21D(a)(3)(A)(i) of the Securities Act and

Exchange Act, respectively, which announced that a securities class action had been filed against JKS, and which advised putative class members that they had until December 12, 2011 to file a motion to seek appointment as a lead plaintiff in the action.[1]

Movants have reviewed the complaint filed in the Action and have timely filed their motion pursuant to the Notice.  In doing so, Movants have attached their certifications attesting to their willingness to serve as representative parties of the Class and provide testimony at deposition and trial, if necessary.  *See* Seidman Decl. Ex. B.  Accordingly, Movants satisfy the first requirement to serve as lead plaintiffs.  Section 21D(a)(3)(B)(iii)(I)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa); Section 27(a)(3)(B)(iii)(I)(aa), 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa).

### 2. Movants Are The Most Adequate Lead Plaintiffs

Under the PSLRA, any member of the purported class may move for appointment as lead plaintiff within 60 days of the publication of notice that the action has been filed.  *See* 15 U.S.C. § 77z-1(a)(3)(A)(i)(II); 78u-4(a)(3)(A)(i)(II).  Subsequently, the court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members . . . ." 15 U.S.C. § 77z-1(a)(3)(B)(i); 15 U.S.C. § 78u-4(a)(3)(B)(i).

Movants believe their $278,822 loss constitutes the largest financial interest in the outcome of the Action.  As such, Movants are the most adequate lead plaintiffs and should be appointed as lead plaintiffs.  *See* Ex. C to Seidman Declaration.

---

[1] *See* Declaration of Joseph R. Seidman, Jr. ("Seidman Decl.") Ex. A.

### 3. Movants Satisfy The Requirements Of Rule 23(a) Of The Federal Rules Of Civil Procedure

Equally important, Movants satisfy the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, which are the provisions of Rule 23 relevant to the appointment of lead plaintiff under the PSLRA. *See Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003). *See also Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) (considering only typicality and adequacy on a motion for consolidation and for designation of lead plaintiff and lead counsel).

Movants' certifications establish that they meet the typicality requirement of Rule 23 because they: (i) suffered the same injuries as the absent class members; (ii) suffered as a result of the same course of conduct by Defendants; and (iii) their claims are based on the same legal issues. *See Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *see also In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiffs' claims "arise from the same conduct from which other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiffs be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See In re NASDAQ Market-Makers Antitrust Litig.*, 172 F.R.D. 119, 127 (S.D.N.Y. 1997). A finding of commonality frequently supports a finding of typicality. *See General Tel. Co. v. Falcon*, 457 U.S. 147, 158 n.13 (1982), *aff'd*, 815 F.2d 317 (5th Cir. 1987) (noting how the commonality and typicality requirements "merge"). Here, the questions of law and fact common to the members of the Class and which may affect individual Class members include the following:

    1.    whether the federal securities laws were violated by Defendants' acts;

    2.    whether statements made by Defendants to the investing public during the Class Period contained material misrepresentations concerning the facts about

5

JKS;

3. whether Defendants acted knowingly or recklessly in issuing false and misleading statements; and

4. whether the members of the Class sustained damages and, if so, what is the proper measure of damages.

These questions apply equally to Movants as to all members of the purported Class. Similar to all of the other members of the Class, Movants purchased ADSs of JKS at prices materially distorted as a result of Defendants' misrepresentations. Because Movants' claims are based on the same legal theories and "arise from the same course of conduct that gives rise to the claims of other Class members," the typicality requirement is satisfied. *See NASDAQ Market-Makers*, 172 F.R.D. at 126.

Further, Movants are uniquely able to fulfill the duties and responsibilities required to serve as lead plaintiffs. Specifically, Movants will be diligent in leading the litigation, including supervising lead counsel and directing litigation strategy and any settlement discussions to obtain the largest recovery for the Class.

### III. MOVANTS' CHOICE OF LEAD COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval. Section 27(a)(3)(B)(v), 15 U.S.C. § 77z-1(a)(3)(B)(v); Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." Section 27(a)(3)(B)(iii)(II)(aa), 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa); Section 21D(a)(3)(B)(iii)(II)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movants have selected and retained Bernstein Liebhard as the proposed lead counsel for the Class. Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. *See* Seidman Decl. Ex. D for the firm resume of Bernstein Liebhard. As a result, the Court may be assured that by approving Bernstein Liebhard as lead counsel, the Class is receiving the best legal representation available.

Bernstein Liebhard has frequently been appointed as lead counsel since the passage of the PSLRA, and has frequently appeared in major actions before this and other courts throughout the country. Indeed, *The National Law Journal* has recognized Bernstein Liebhard for nine consecutive years as one of the top plaintiffs' firms in the country. Of the thirteen firms named to the list in 2007, Bernstein Liebhard is one of only two named six years in a row. Bernstein Liebhard has also been listed in *The Legal 500*, a guide to the best commercial law firms in the United States, for the past four years.

Four of Bernstein Liebhard's recent outstanding successes include:

- *In re Marsh & McLennan Cos. Sec. Litig.*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) (settlement: $400 million);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (Judge Joel A. Pisano gave final approval to a U.S. settlement with a minimum cash value of $130 million. This settlement is in addition to a $350 million European settlement on behalf of a class of non-U.S. purchasers of Shell securities on non-U.S. exchanges, which the court-appointed lead plaintiffs and Bernstein Liebhard were, in the words of Judge Pisano, a "substantial factor" in bringing about);

- *In re Deutsche Telekom AG Securities Litigation*, No. 00-CV-9475 (SHS) (S.D.N.Y. 2005) (settlement: $120 million, representing 188% of the recognized losses); and

- *In re Cigna Corp. Securities Litigation*, No. 2:02CV8088 (E.D. Pa. 2007) (settlement: $93 million).

Further, Bernstein Liebhard partner Stanley Bernstein serves as Chairman of the Executive Committee in *Initial Public Offering Securities Litigation ("IPO")*, No. 21 MC 92 (SS) (S.D.N.Y. 2009), pending before Judge Shira Scheindlin in this District. The *IPO* litigation is one of the biggest securities class actions ever prosecuted. On October 5, 2009, the Court granted final approval to a $586 million settlement.

## CONCLUSION

For the foregoing reasons, Movants respectfully request that this Court: (1) appoint Movants as lead plaintiffs for the Class in the Action and all subsequently-filed, related actions; and (2) approve Bernstein Liebhard as lead counsel for the Class.

DATED:  December 12, 2011            Respectfully submitted,

/s/
_____
Sandy A. Liebhard (liebhard@bernlieb.com)
U. Seth Ottensoser (ottensoser@bernlieb.com)
Joseph R. Seidman, Jr. (seidman@bernlieb.com)
10 E. 40th Street
New York, NY  10016
Telephone: (212) 779-1414

**Counsel for Movants and Proposed Lead Counsel for the Proposed Class**

8

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2011, I served all counsel of record with the attached document via ECF.

/s/
_____
JOSEPH R. SEIDMAN, JR.