UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARCO PETERS, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>    v.<br><br>JINKOSOLAR HOLDING CO., LTD., XIANDE LI, KANGPING CHEN, XIANHUA LI, WING KEONG SIEW, HAITAO JIN, ZIBIN LI, STEVEN MARKSCHEID, LOGGEN ZHANG and CREDIT SUISSE SECURITIES (USA) LLC.,<br><br>       Defendants. | No. 1:11-cv-07133-JPO<br>ECF Case |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF WJ CHIANG FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF WJ CHIANG FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

Movant WJ Chiang ("Movant") respectfully submits this memorandum of points and authorities in support of his motion for appointment as lead plaintiff and approval of lead counsel.

## I.   FACTUAL BACKGROUND

This is a securities class action on behalf of purchasers of the American Depositary Shares (ADSs), of JinkoSolar Holding Co., Ltd. ("JinkoSolar" or the "Company") pursuant and/or traceable to the Company's May 13, 2010 initial public offering (the "IPO"), including ADSs purchased on the open market between May 13, 2010 and September 21, 2011, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §77z-1(a)(3)(B), and Section 21D (a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B).

JinkoSolar is based in Jiangxi Province, People's Republic of China (PRC), and engages in the manufacture and sale of solar power products in China and internationally. The Company provides solar modules, silicon wafers and ingots, and solar cells in addition to processing services, including silicon wafer tolling services.

The Complaint alleges that throughout the Class Period defendants made false and/or misleading statements and/or failed to disclose material adverse facts about the Company's business, operations and prospects. Specifically, during the Class Period JinkoSolar repeatedly assured investors that its facilities, including its solar cell manufacturing plant in Hongxiao, Haining City in Zhejiang Province (the "Manufacturing Plant") were in full compliance with all PRC environmental regulations.

However, on September 15, 2011, news outlets reported that local residents living near the Manufacturing Plant demonstrated outside the facility following a massive fish die-off over the previous month in the river flowing immediately adjacent to the plant.

Over the next three days, as JinkoSolar stonewalled, the protests became increasingly violent. Protestors broke into the facility, overturned cars and damaged buildings. Authorities "detained" 31 of the protesters, and JinkoSolar security guards assaulted several reporters and damaged their video equipment.

Although the Manufacturing Plant continued to operate during the protests, over the weekend of September 17-18, 2011, tests confirmed that JinkoSolar was polluting the river with toxic sludge, and the PRC government ordered the facility to stop production and take remedial action. The plant closure was reported in the Western press on September 19 and September 20, 2011. From their closing price of $10.02 on September 14, the ADSs lost 42.5% of their value in a single week, closing at $5.76 on Wednesday, September 21, 2011, as a direct result of the disaster in Haining.

Subsequently, after the protests and plant closure, JinkoSolar admitted that it had been fined for failing to comply with environmental regulations in May 2011. The Company also belatedly admitted that on September 7, 2011, it had agreed to pay compensation for crop damage and any livestock or wildlife deaths arising from the pollution incident, but failed to disclose the mounting problems to investors until the Company issued a press release on September 22, 2011, following news that had already been reported over the previous week.

## II.    PROCEDURAL HISTORY

Plaintiff Marco Peters ("Peters") commenced this action against JinkoSolar and certain of its executive officers on October 11, 2011, and on that day, counsel for Peters published a notice on *Business Wire* announcing that a securities class action had been initiated against defendants herein. *See* Declaration of Elizabeth M. Gonsiorowski In Support of Motion of WJ Chiang for Appointment As Lead Plaintiff and Approval of Lead Counsel (the "Gonsiorowski Declaration") at Exhibit A.

Movant files the instant motion pursuant to plaintiff Peters' notice of pendency, and files this

motion prior to expiration of the 60-day period from publication of the October 11, 2011, notice.

## III.   ARGUMENT

### A.   Movant Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the Exchange Act, and directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B); 15 U.S.C. §77z-1(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

> (aa)  has either filed the complaint or made a motion in response to a notice... ;
>
> (bb)  in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); 15 U.S.C. §77z-1(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption that he is the "most adequate plaintiff" for the Class.

#### 1.   Movant Is Making a Motion In Response to a Notice

On October 11, 2011, pursuant to §21D(a)(3)(A)(I) of the PSLRA, counsel for plaintiff Marco Peters published a notice on *Business Wire* – a widely circulated national business-oriented wire service – announcing that a securities class action had been filed against JinkoSolar, and advising purchasers of the Company's securities that they had until December 12, 2011, to file a motion to be appointed as lead plaintiff.

Movant files the instant motion pursuant to Peters' published notice, and submits herewith Movant's sworn certification attesting that WJ Chiang is willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Gonsiorowski Declaration, Exhibit B. Movant therefore satisfies the first PSLRA requirement that a putative lead plaintiff either file a complaint or make a motion in response to a published notice.

### 2. Movant Has The Largest Financial Interest In This Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii); 15 U.S.C. §77z-1(a)(3)(B)(iii). As demonstrated herein, Movant believes that he has the largest financial interest in this case among class members who filed timely applications for appointment as lead plaintiff, and accordingly is presumed to be the "most adequate plaintiff." *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

During the Class Period, Movant purchased 29,330 shares of JinkoSolar at prices alleged to be artificially inflated by defendants' materially false and misleading statements and omissions and, as a result, Movant has suffered financial losses of $46,256.14. *See* Gonsiorowski Declaration, Exhibit C. Movant is not aware of any other Class member that has filed an application for appointment as lead plaintiff claiming larger financial losses and, consequently, believes that he has the largest known financial interest in this case among Class members who filed timely applications for appointment as lead plaintiff. Movant thus satisfies the largest financial interest requirement to be appointed as lead plaintiff for the Class.

//

//

### 3. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

"The moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met." *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003).

#### a. Movant's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied "when the moving plaintiff's injuries arose from the same course of conduct of the defendant that injured the other class members." *Id.*, at 253. However, a lead plaintiff's claims need not be identical to the other class members' claims to satisfy the typicality requirement. *See Id.*

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that defendants violated the federal securities laws by disseminating false and misleading statements concerning the business, operations and financial prospects of JinkoSolar. Movant, like all of the members of the Class, purchased JinkoSolar securities at prices artificially inflated by defendants' misrepresentations and omissions, and was damaged thereby.

Movant's interests are closely aligned with other Class members', and Movant's interests are, therefore, typical of the other members of the Class.

### b. Movant Is An Adequate Representative

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party has "sufficient interest in the outcome of the case to ensure vigorous advocacy," has obtained adequate counsel, and there is no conflict between the movant's claims and those asserted on behalf of the class. *See Id.*

Movant has communicated with competent, experienced counsel concerning this case, and has made this motion to be appointed lead plaintiff. Movant is not aware that any antagonism exists between his claims and those asserted on behalf of the Class. Moreover, Movant also sustained substantial financial losses from his investments in JinkoSolar securities and is, therefore, extremely motivated to pursue the claims in this action. *See* Gonsiorowski Declaration, Exhibit C.

### 4. WJ Chiang Is Presumptively The Most Adequate Plaintiff

The presumption in favor of appointing Movant as lead plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78 u-4(a)(3)(b)(iii)(I); 15 U.S.C. §77z-1(a)(3)(b)(iii)(I) .

The presumption that Movant is the most adequate plaintiff is not, therefore, subject to rebuttal. Movant has suffered substantial financial losses – in excess of $46,000 – and believes he has the largest financial interest in this case of any timely lead plaintiff movant. The ability of Movant to fairly and adequately represent the Class is discussed above. Movant is not aware of any

unique defenses defendants could raise against him that would render Movant inadequate to represent the Class. Accordingly, WJ Chiang is presumptively the most adequate plaintiff and should be appointed lead plaintiff for the Class. *See Cavanaugh,* 306 F.3d at 733.

### B. The Court Should Approve Movant's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); 15 U.S.C. §71z-1(a)(3)(B)(v). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); 15 U.S.C. §77z-1(a)(3)(B)(iii)(II)(aa); *see also Cavanaugh,* 306 F.3d at 733. In the present case, Movant has retained Glancy Binkow & Goldberg LLP to pursue this litigation on Movant's behalf, and will retain this firm as plaintiffs' lead counsel in the event Movant is appointed lead plaintiff. Glancy Binkow & Goldberg LLP possesses extensive experience in securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Gonsiorowski Declaration as Exhibit D. Thus, the Court may be assured that, by granting Movant's motion, the Class will receive the highest caliber of legal representation.

### IV. CONCLUSION

For the foregoing reasons, Movant respectfully asks the Court to grant its motion and enter an Order (a) appointing WJ Chiang as lead plaintiff, (b) approving his selection of Glancy Binkow & Goldberg LLP as lead counsel for the Class, and granting such other relief as the Court may deem just and proper.

//

//

                                          Respectfully submitted,

DATED: December 12, 2011           GLANCY BINKOW & GOLDBERG LLP

                                        By*:*  *s/ Elizabeth M. Gonsiorowski*_____
                                        Elizabeth M. Gonsiorowski (EG1212)
                                        30 Broad Street, Suite 1401
                                        New York, New York 10004
                                        Telephone:   (212) 382-2221
                                        Facsimile:   (212) 382-3944
                                        Email:  egonsiorowski@glancylaw.com

                                        -and-

                                        GLANCY BINKOW & GOLDBERG LLP
                                        Lionel Z. Glancy
                                        Michael Goldberg
                                        1925 Century Park East, Suite 2100
                                        Los Angeles, California 90067
                                        Telephone:    (310) 201-9150
                                        Facsimile:     (310) 201-9160

                                        *Proposed Lead Counsel for Plaintiffs*

## PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO SOUTHERN DISTRICT OF NEW YORK LOCAL RULES AND ECF RULES AND INSTRUCTIONS

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 1925 Century Park East, Suite 2100, Los Angeles, California 90067.

On December 12, 2011, I caused to be served the following document:

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF WJ CHIANG FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

By posting the document to the ECF Website of the United States District Court for the Southern District of New York, for receipt electronically by the following parties:

**See attached Service List.**

And on the following non-ECF registered party:

Jinko Solar USA
100 Pine Street , Suite 1900
San Francisco, CA 94111
415-402-0502

*For Defendants JinkoSolar Holding Co., Ltd., Xiande Li, Kangping Chen, Xianhua Li, Wing Keong Siew, Haitao Jin, Zibin Li, Steven Markscheid, Loggen Zhang*

**By Mail**: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service that same day..

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 12, 2011, at Los Angeles, California.

*s/ Elizabeth M. Gonsiorowski*
Elizabeth M. Gonsiorowski

# Mailing Information for a Case 1:11-cv-07133-JPO

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Benjamin Andrew Bednark**
  abednark@omm.com

- **Bradley Jay Butwin**
  bbutwin@omm.com,#nymanagingattorney@omm.com

- **Kevin Dugald Galbraith**
  Kevin@zamansky.com

- **Edward H. Glenn , Jr**
  eglenn@zamansky.com

- **David A. Straite**
  dstraite@siannistraite.com

- **William Joseph Sushon**
  wsushon@omm.com,#nymanagingattorney@omm.com

- **Jacob H. Zamansky**
  jake@zamansky.com,august@zamansky.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Ralph N. Sianni
SIANNI & STRAITE LLP
100 Park Avenue
Suite 1600
New York, NY 10017
```