# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARCO PETERS, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>  vs.<br><br>JINKOSOLAR HOLDING CO., LTD., XIANDE LI, KANGPING CHEN, XIANHUA LI, WING KEONG SLEW, HAITAO JIN, ZIBIN LI, STEVEN MARKSCHEID, LONGGEN ZHANG, CREDIT SUISSE SECURITIES (USA) LLC, OPPENHEIMER & CO. INC., ROTH CAPITAL PARTNERS, LLC, and COLLINS STEWART LLC,<br><br>        Defendants. | **CASE NO.: 1:11-cv-07133-JPO** |

**MEMORANDUM IN SUPPORT OF VAUGHN LEROY MEYER, RICHARD MATKEVICH, ABDULLAH AL MAHMUD AND AZRIEL SHUSTERMAN'S JOINT MOTION TO BE APPOINTED AS LEAD PLAINTIFFS AND FOR APPROVAL OF THEIR CHOICE <u>OF CO-LEAD COUNSEL, AND IN OPPOSITION TO COMPETING MOTIONS</u>**

**INTRODUCTION**

Class members Vaughn Leroy Meyer, Richard Matkevich, Abdullah al Mahmud, and Azriel Shusterman ("Movants" or the "JKS Group") suffered substantially greater losses related to their purchase of JinkoSolar Holding Co. Ltd. ("JKS") American Depository Shares ("ADSs") than all the other lead plaintiff candidates. Thus, Movants respectfully submit this memorandum in support of their joint motion to be appointed as lead plaintiffs and for appointment of Bernstein Liebhard LLP and Zamansky & Associates, LLC as co-lead counsel for the class, and in opposition to the competing motions to appoint lead plaintiff and approve lead counsel that are pending before this Court.[1]

**PRELIMINARY STATEMENT**

Movants lost over half a million dollars in their JKS investments during the proposed class period. Movants' losses constitute—far and away—the largest financial interest in the litigation. Indeed, Meyer, Shusterman, and Mahmud have the three single largest financial interests in this litigation, each of which individually dwarfs all other movants or movant groups.[2] The only competing movant left, Wu, lost about twelve times less than the JKS Group, and far less than even the individual losses of Meyer, Shusterman, and Mahmud.

After Movants initially moved as members of two different groups, they realized the respective losses of their two groups were close. *See* Joint Declaration filed herewith at ¶5. As discussed below, courts allow movants to join together after filing separate initial lead plaintiff motions where such joining is not to manufacture the largest financial interest. Rather than

---

[1] Motions for appointment as lead plaintiff were also made by (1) WJ Chiang; (2) Rejean Noel and Alan Schreiber (the "Noel Group"); and (3) Lin Wu. Since initial motions were filed, the Noel Group has filed a non-opposition to competing motions, and Chiang has withdrawn his motion. Thus, the only competing movant left is Wu.

[2] *See* loss chart attached hereto as Exhibit A.

engage in resource-draining legal skirmishes and risk appointment of an investor with a much smaller loss, who may lack the motive to fight hard on behalf of the class, Movants decided to band together two members from each of their respective groups, forming the current JKS Group, which is well-positioned to litigate this action. Movants recently had a conference call discussing this action, including the reasons for joining together, and decided they would each have one vote on all major issues affecting the litigation. *See generally* Joint Declaration.

Thus, Movants should be appointed as lead plaintiffs and their selection of co-lead counsel should be approved. Unlike the competing movants, which lack the largest financial interest in the outcome of the litigation, Movants satisfy the requirements of the Private Securities Litigation Reform Act ("PSLRA") and Fed. R. Civ. P. 23(a)(3) and (4). Movants, having suffered substantial losses of $515,526—many times greater than the reported financial interests of the competing movants—represent the largest financial interest in the outcome of the litigation, assert claims that are typical of the class and have no interests that are antagonistic to the members of the class. Indeed, as noted, Meyer, Shusterman, and Mahmud have individual losses many times greater than the other movants, including the entire Noel Group. Thus, Movants are presumptively the most adequate class members to serve as lead plaintiffs in this action. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Movants' motion should be granted in its entirety.

**ARGUMENT**

**I.    MOVANTS HAVE THE LARGEST FINANCIAL INTEREST IN THIS ACTION**

The PSLRA provides that there is a "rebuttable presumption . . . that the most adequate plaintiff . . . is the person or group of persons. . . [who] . . . has the largest financial interest in the

2

relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C.§ 78u-4(a)(3)(B)(iii)(I). Here, the various movants have the following financial interests:

| Movant | Loss |
|---|---|
| Vaughn Leroy Meyer | $244,494.94 |
| Azriel Shusterman | $121,697.50 |
| Abdullah al Mahmud | $120,785 |
| Richard Matkevich | $28,549.25 |
| **JKS GROUP TOTAL** | **$515,526.69** |
| | |
| **Lin Wu** | **$43,183** |
| | |
| Rejean Noel | $33,859 |
| Alan Schreiber | $4,684 |
| **NOEL GROUP TOTAL** | **$38,543** |
| | |
| **WJ Chiang** | **$3,427** |
| | |

Accordingly, Movants have the largest financial interest in this action. Moreover, as mentioned above, Movants include the three largest individual losses (Meyer, Shusterman, and Mahmud) in the action. It is axiomatic that the investor or investors with the largest financial interest are entitled to the presumption of being the most adequate plaintiff—and being appointed the lead plaintiff. *Teran v. Subaye, Inc.*, Nos. 11 Civ. 2641 (NRB), 11 Civ. 3886 (NRB), 2011 WL 4357362, at *1, *4 (S.D.N.Y. Sept. 16, 2011).

The PSLRA's presumption that the most adequate plaintiff is the "person" or "persons" with the largest financial interest may be rebutted only upon *proof* by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately

3

representing the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Competing movants cannot rebut this presumption.

Movants satisfy the PSLRA, are not aware of any unique defenses that defendants could raise against them and, thus, are entitled to the presumption that they are the most adequate plaintiffs for the class. Therefore, Movants should be appointed as lead plaintiffs.

## II. MEMBERS FROM DIFFERENT GROUPS CAN JOIN AFTER FILING INITIAL MOTIONS WHEN IT IS NOT AN END-RUN AROUND THE PSLRA

Courts allow movants to join together after filing separate initial lead plaintiff motions when it is not a transparent attempt to manufacture the largest financial interest. For example, in *In re CMS Energy Securities Litigation*, No. Civ. 02–CV–72004–DT, 2002 WL 32817518, at *2 (E.D. Mich. Nov. 14, 2002), the court allowed two of five lead plaintiff movants to band together after they filed separate, initial motions where such joining was not to create the largest financial interest—one movant, Andover Brokerage, LLC, already had the largest financial interest; the other, Herbert Steiger, had the third largest financial interest. *See also Steiner v. Aurora Foods Inc.*, No. 00-CV-602, 2000 WL 33911305, at *5 (N.D. Ca. June 5, 2000) (allowing a three-member group to join with one member from a six-person group where it was not to create largest financial interest and dwarfed the losses of the competing movant).

Here, Movants have not banded together to create the largest financial interest—Movants have the three single largest financial interests by many multiples. Indeed, as noted, the only competing movant left, Wu, lost about twelve times less than the JKS Group, and far less ($43,183) than even the individual losses of Meyer ($244,494), Shusterman ($121,697), and Mahmud ($120,785). Movants have banded together because, as mentioned above, they believe it makes more sense to litigate this case together than fight on a lead plaintiff motion to the

4

possible detriment of themselves and the entire class if a lead plaintiff is appointed with a smaller loss and less motive to achieve a good result.  *See* Joint Declaration at ¶5.

### III.  MOVANTS' CHOICE OF COUNSEL SHOULD BE APPROVED

Movants have chosen Bernstein Liebhard LLP and Zamansky & Associates, LLC as proposed co-lead counsel for the proposed class.  Both firms have ample experience and proven track records.

Bernstein Liebhard has frequently been appointed as lead counsel since the passage of the PSLRA, and has frequently appeared in major actions before this and other courts throughout the country.  Indeed, *The National Law Journal* has recognized Bernstein Liebhard for nine consecutive years as one of the top plaintiffs' firms in the country.  Bernstein Liebhard has also been listed in *The Legal 500*, a guide to the best commercial law firms in the United States, for the past four years.  *See* Ex. D to Seidman Decl.

Four of Bernstein Liebhard's recent outstanding successes include:

- *In re Marsh & McLennan Cos. Sec. Litig.*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) (settlement: $400 million);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (Judge Joel A. Pisano gave final approval to a U.S. settlement with a minimum cash value of $130 million.  This settlement is in addition to a $350 million European settlement on behalf of a class of non-U.S. purchasers of Shell securities on non-U.S. exchanges, which the court-appointed lead plaintiffs and Bernstein Liebhard were, in the words of Judge Pisano, a "substantial factor" in bringing about);

- *In re Deutsche Telekom AG Securities Litigation*, No. 00-CV-9475 (SHS) (S.D.N.Y. 2005) (settlement: $120 million, representing 188% of the recognized losses); and

- *In re Cigna Corp. Securities Litigation*, No. 2:02CV8088 (E.D. Pa. 2007) (settlement: $93 million).

Further, Bernstein Liebhard partner Stanley Bernstein serves as Chairman of the Executive Committee in *Initial Public Offering Securities Litigation ("IPO")*, No. 21 MC 92

(SS) (S.D.N.Y. 2009), pending before Judge Shira Scheindlin in this District.  The *IPO* litigation is one of the biggest securities class actions ever prosecuted.  On October 5, 2009, the Court granted final approval to a $586 million settlement.

Likewise, Zamansky & Associates LLC is a leading New York–based law firm specializing in securities fraud and financial services arbitration and litigation.  Jacob Zamansky, the firm's founder, has more than three decades of experience practicing securities law and the firm's associates are highly experienced in this arena as well.  The firm files cases across the United States on behalf of individual and institutional investors, and has recovered tens of millions of dollars for its clients. The firm has been appointed lead or co-lead counsel in numerous securities class actions in courts of the Southern District of New York and other federal district courts. For a full description of these cases and appointments, *see* Exhibit 6 to Zamansky Declaration.

## CONCLUSION

For the foregoing reasons, Movants respectfully request that this Court: (1) appoint Movants as lead plaintiffs for the class in the action and all subsequently-filed, related actions; and (2) approve Bernstein Liebhard LLP and Zamansky & Associates, LLC as co-lead counsel for the class.

DATED:  January 5, 2012                    Respectfully submitted,

/s/
_____
BERNSTEIN LIEBHARD LLP
Sandy A. Liebhard (liebhard@bernlieb.com)
U. Seth Ottensoser (ottensoser@bernlieb.com)
Joseph R. Seidman, Jr. (seidman@bernlieb.com)
10 E. 40th Street
New York, NY  10016
Telephone: (212) 779-1414

ZAMANSKY & ASSOCIATES, LLC
Jacob H. Zamansky (jake@zamansky.com)
Edward H. Glenn, Jr. (eglenn@zamansky.com)
Kevin D. Galbraith (kevin@zamansky.com)
50 Broadway, 32nd Floor
New York, New York 10004
(212) 742-1414

**Co-Counsel for Movants and Proposed Co-Lead Counsel for the Proposed Class**

SIANNI & STRAITE, LLP
David A. Straite
Ralph N. Sianni
100 Park Ave., Suite 1600
New York, NY  10017

**Co-Counsel for Movants**

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2012, I served all counsel of record with the attached document via ECF.

/s/
_____
JOSEPH R. SEIDMAN, JR.