# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

MARCO PETERS, Individually and On Behalf of All
Others Similarly Situated,

                        Plaintiff,

vs.

JINKOSOLAR HOLDING CO., LTD., XIANDE LI,
KANGPING CHEN, XIANHUA LI, WING KEONG
SLEW, HAITAO JIN, ZIBIN LI, STEVEN
MARKSCHEID, LONGGEN ZHANG, CREDIT
SUISSE SECURITIES (USA) LLC, OPPENHEIMER
& CO. INC., ROTH CAPITAL PARTNERS, LLC,
and COLLINS STEWART LLC,

                        Defendants.

**CASE NO.:  1:11-cv-07133-JPO**

**VAUGHN LEROY MEYER, RICHARD MATKEVICH,
ABDULLAH AL MAHMUD AND AZRIEL SHUSTERMAN'S
MEMORANDUM OF LAW IN OPPOSITION TO LIN WU'S MOTION FOR
RECONSIDERATION OR FOR CERTIFICATION UNDER 28 U.S.C. SECTION 1292(B)**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ............................................................................................................... 1

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ...................................................................................................................... 2

I.   WU'S MOTION IS INAPPROPRIATE AT THIS TIME ................................................ 2

II.  THE JKS GROUP'S AMENDED MOTION IS TIMELY BECAUSE ITS
     MEMBERS ORIGINALLY FILED TIMELY MOTIONS ............................................... 3

     A.   Courts Allow Post-Motion Joinings In These Circumstances ................................ 3

     B.   Wu's Analysis Of Cases Allowing Movants to Join Post-Motion Fails ................. 5

III. WU'S REQUEST FOR 1292(b) CERTIFICATION SHOULD BE REJECTED ............. 8

     A.   The Appointment of Lead Plaintiff Does Not Involve a Controlling Question
          of Law ................................................................................................................. 9

     B.   The Issue Does Not Present a Substantial Ground for a Difference of Opinion ... 11

     C.   Certification of Wu's Appeal Will Further Delay the Litigation Rather
          Than Materially Advance its Ultimate Termination ............................................. 13

CONCLUSION .................................................................................................................. 14

# TABLE OF AUTHORITIES

<u>**Cases**</u>

*Amtec Int'l of N.Y. Corp. v. Beverage Alliance, LLC,*
No. 10-CV-1147 (NGG) (SMG), 2011 WL 4597480 (S.D.N.Y. Sept. 30, 2011).............13, 14

*Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.,*
426 F. Supp. 2d 125 (S.D.N.Y. 2005)......................................................................................12

*Arnett v. Gerber Scientific, Inc.,*
575 F. Supp. 770 (S.D.N.Y. 1983) ..........................................................................................13

*Century Pac., Inc. v. Hilton Hotels Corp.,*
574 F. Supp. 2d 369 (S.D.N.Y. 2008), *aff'd*, 354 F. App'x 496 (2d Cir. 2009)......................9

*Consub Del. LLC v. Schahin Engenharia Limitada,*
476 F. Supp. 2d 305 (S.D.N.Y. 2007), *aff'd*, 543 F.3d 104 (2d Cir. 2008) ..............................8

*Cordero v. Astrue,*
574 F. Supp. 2d 373 (S.D.N.Y. 2008).......................................................................................2

*German v. Fed. Home Loan Mortg. Corp.,*
896 F. Supp. 1385 (S.D.N.Y. 1995)........................................................................................13

*In re BDC 56 LLC ,*
330 F.3d 111 (2d Cir. 2003), *abrogated on other grounds*, *In re Zarnel*, 619 F.3d 156 (2d Cir.
2010) ..........................................................................................................................................2

*In re CMS Energy Sec. Litig.,*
No. Civ. 02-CV-72004-DT, 2002 WL 32817518 (E.D. Mich. Nov. 14, 2002) .......................4

*In re Flor,*
79 F.3d 281 (2d Cir. 1996).................................................................................................11, 12

*In re Lloyd's Am. Trust Funds Litig.,*
No. 96 Civ. 1262, 1997 WL 458739 (S.D.N.Y. Aug. 12, 1997) .............................................11

*In re Marketxt Holdings Corp.,*
No. M-47 (SHS), 2009 WL 1286130 (S.D.N.Y. May 05, 2009).............................................11

*In re Payroll Express Corp.,*
921 F. Supp. 1121 (S.D.N.Y. 1996).....................................................................................9, 10

*In re Vaxgen Sec. Litig.,*
No. C 03-1129 (JSW), 2004 U.S. Dist. LEXIS 29812 (N.D. Cal. Apr. 14, 2004) ...................7

*In re XM Satellite Radio Holdings Sec. Litig.,*
237 F.R.D. 13 (D.D.C. 2006)....................................................................................................7

*Mills v. Everest Reinsurance Co.*,
771 F. Supp. 2d 270 (S.D.N.Y. 2009).................................................................................8

*N.F.L. Ins. Ltd. v. B & B Holdings, Inc.*,
No. 91 Civ. 8580 (PKL), 1993 WL 255101 (S.D.N.Y. July 1, 1993) .....................................12

*Newman v. Eagle Bldg. Techs*,
209 F.R.D. 499 (S.D. Fla. 2002).........................................................................................4

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*,
229 F.R.D. 395 (S.D.N.Y. 2004) ..........................................................................................7

*Primavera Familienstifung v. Askin*,
139 F. Supp. 2d 567 (S.D.N.Y. 2001)..................................................................................13

*Rozenboom v. Van Der Moolen Holding, N.V.*,
No. 03 Civ. 8284 (RWS), 2004 WL 816440 (S.D.N.Y. Apr. 14, 2004).........................4, 6, 13

*Schulman v. Lumenis, Ltd.*,
No. 02 Civ. 1989 (DAB), 2003 WL 21415287 (S.D.N.Y. June 18, 2003).....................*passim*

*Sgalambo v. McKenzie*,
268 F.R.D. 170 (S.D.N.Y. 2010) ..........................................................................................7

*Shore v. Parklane Hosiery*,
606 F.2d 354 (2d Cir. 1979)...............................................................................................11

*Singer v. Nicor, Inc.*,
No. 02 Civ. 5168, 2002 WL 31356419 (N.D. Ill. Oct. 17, 2002).........................................7

*Skwortz v. Crayfish Co., Ltd.*,
No. 00 Civ. 6766 (DAB), 2001 WL 1160745 (S.D.N.Y. 28, 2001) ..................................7, 12

*Steiner v. Aurora Foods Inc.*,
No. 00-CV-602, 2000 WL 33911305 (N.D. Cal. June 5, 2000).............................................4

*Steiner v. Frankino*,
No. 1:98-cv-264, 1998 WL 34309018 (N.D. Ohio 1998) ....................................................13

*Tucker v. Arthur Andersen & Co.*,
67 F.R.D. 468 (S.D.N.Y. 1975) ...........................................................................................10

*Tyco Int'l, Ltd. v. Kozkowski*,
No. 02 Civ. 7317 (TPG), 2011 WL 2038763 (S.D.N.Y. May 24, 2011).................................10

## **Statutes**

28 U.S.C. Section 1292(b) ............................................................................................. *passim*

**<u>Rules</u>**

Fed. R. Civ. P. 23 ................................................................................................................4

## INTRODUCTION

Class members Vaughn Leroy Meyer, Richard Matkevich, Abdullah al Mahmud, and Azriel Shusterman ("Movants" or the "JKS Group") respectfully submit this memorandum in opposition to Lin Wu's motion for reconsideration under Local Civil Rule 6.3 or for certification under 28 U.S.C. Section 1292(b).

## PRELIMINARY STATEMENT

Wu's motion is procedurally wrong and untimely and falls flat.  First, this Court has not ruled on the pending lead plaintiff motions – yet Wu inexplicably moves the Court to reconsider a determination that has not yet been made.  Second, even if Wu's motion was procedurally proper, he raises no new controlling decisions or facts warranting reconsideration.

Regardless, as discussed in the JKS Group's opposition brief, its January 11, 2012 letter, and at the January 12, 2012 hearing, the group's amended motion was timely:  (1) the group was not formed to manufacture the largest financial interest – three of the four group members have individual losses many times that of Wu's; and (ii) courts allow movants who initially filed timely motions for lead plaintiff to join together post-filing in such circumstances.

Tellingly, Wu's case citations are radically distinguishable.  They concern factual circumstances where, for example, movants tried to increase their loss figures after the 60-day deadline; where the initial motion was filed after the 60-day deadline; or where the movants were trying to make an end run around the PSLRA and manufacture the largest loss.  Similarly, Wu's attempt to distinguish the cases where courts in this District have allowed movants to join together does not bear analysis.  *See infra* at 5-6.

Separately, Wu does not come close to satisfying the requirements for certification under 28 U.S.C. Section 1292(b).  Interlocutory appeal is wholly unnecessary here – and would only serve to delay the case for class members.

Wu's motion should be denied in its entirety.

## ARGUMENT

## I.   WU'S MOTION IS INAPPROPRIATE AT THIS TIME

Wu's motion is completely inappropriate on several grounds and only serves to further delay and confuse this litigation.  As an initial matter, Wu has requested the Court's intervention through a motion for reconsideration prior to any ruling from the court on the JKS Group's lead plaintiff motion.  This makes no sense.  Local Rule 6.3 requires that "a notice of motion for reconsideration . . .  shall be served within fourteen (14) days after the entry of the Court's determination of the original motion . . . ."  *Id.*  Importantly, there has been no ruling yet on the lead plaintiff motion.  Thus, Wu has made this motion asking the court to reconsider an order that has not been made yet.  Because Wu's motion is premature, it should be denied.

In any event, the standards for granting a motion to reconsider under Rule 59(e) are strict: "[r]econsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'"  *Cordero v. Astrue*, 574 F. Supp. 2d 373, 380 (S.D.N.Y. 2008) (citation omitted).  "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003), *noting abrogation on other grounds*, *In re Zarnel*, 619 F.3d 156, (2d Cir. 2010) (citation and quotation marks omitted).

Here – beyond the issue that there is not yet a "conclusion" to be "alter[ed]" since the Court has not ruled (*cf. BDC*, 330 F.3d at 123) – Wu's motion for reconsideration does not raise any new facts or "controlling decisions".  *Id.*  The only thing new here offered by Wu is a few case citations that are completely distinguishable.  *See infra* at 7.  Most of the citations in Wu's

motion for reconsideration – which the JKS Group exhaustively distinguished – were already cited in Wu's January 10, 2012 letter.

Indeed, Wu has already had the opportunity to raise and fully brief his timeliness argument.  In this regard, on January 10, 2012, Wu sent a letter to the Court raising the timeliness issue and fully presented his arguments to the Court at that time.  On January 11, 2012, the JKS Group responded with its own letter setting forth its arguments for why its lead plaintiff motion was timely.  Accordingly, the issue was fully briefed by both parties.  At oral argument on January 12, 2012, the parties presented their arguments to the Court.  Thus, Wu has already had the opportunity to fully present this issue to the Court.

Finally, Wu moves to strike the JKS Group's amended joint notice of motion, completely disregarding the fact that it was filed at the Court's suggestion.  *See* Hearing Transcript at 9:16-9:19 ("I think it would be better if there were a motion.  I don't think it needs to be a briefed motion.  I just think there should be a motion, and I guess I am inviting the motion or directing you as a procedural matter").  The Court requested the JKS Group to file the amended motion merely as a "technical matter" (Tr. at 8:16).  Wu's motion, therefore, has only served to confuse this litigation and cause undue delay.

Accordingly, the Court should deny Wu's motion outright as it is wholly inappropriate and unnecessary at this juncture.

## II.     THE JKS GROUP'S AMENDED MOTION IS TIMELY BECAUSE ITS MEMBERS ORIGINALLY FILED TIMELY MOTIONS

### A.     Courts Allow Post-Motion Joinings In These Circumstances

As discussed in the JKS Group's Opposition and its January 11, 2012 letter, courts have allowed such post-lead plaintiff motion groupings, and, thus, have deemed them timely, as long as they are not made in an attempt to artificially create the largest financial interest.  The Court

noted as much to Wu's counsel at the January 12, 2012 hearing: "So it's not as though they are being cobbled together for the purpose of getting the number higher than your client's number." Tr. at 5:22-5:24.  Indeed, courts in this District have allowed such post-motion groups as timely.

In *Rozenboom v. Van Der Moolen Holding, N.V.*, No. 03 Civ. 8284 (RWS), 2004 WL 816440, at *4 (S.D.N.Y. Apr. 14, 2004), Judge Sweet allowed two movants that originally moved separately to join together.  In *Rozenboom*, movants Linda Greene and Elizabeth Rick did not originally move as a group but instead, "nearly a month after the 60-day statutory period had run, announced the formation of an alliance and of a stipulated agreement, subject to the Court's approval, to act as co-lead plaintiffs.  What is presented here is whether such a *post facto* alliance should be permitted."  *Id.*  After noting the danger of "manipulat[ion] of the size of…financial loss by…adding additional persons to a 'group' in supplemental filings," which was not present in *Rozenboom* (and is not present here), the court allowed the post-motion team-up and appointed Greene and Rick as co-lead plaintiffs.  *See id.*, at *5.  *See also Schulman v. Lumenis, Ltd.*, No. 02 Civ.1989 (DAB), 2003 WL 21415287, at *4, 6 (S.D.N.Y. June 18, 2003) (allowing a two-member group and an individual to team up after initial motions were filed where these movants originally made "timely motions").[1]

Importantly, each member of Movants' group timely moved on December 12, 2011 for appointment as lead plaintiff within the PSLRA's 60-day deadline.  The fact that Movants, after

---

[1] *See also Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 501 n.1 (S.D. Fla. 2002) (allowing post-motion join-up between an entity and one member of another group, but appointing separate lead plaintiff group that had largest financial interest, minus one of its members who suffered from unique defenses under Fed. R. Civ. P. 23); *In re CMS Energy Sec. Litig.*, No. Civ. 02–CV– 72004–DT, 2002 WL 32817518, at *2 (E.D. Mich. Nov. 14, 2002) (court appointed two of five lead plaintiff movants after they filed separate, initial motions where such joining was not to create the largest financial interest); *Steiner v. Aurora Foods Inc.*, No. 00-CV-602, 2000 WL 33911305, at *5 (N.D. Cal. June 5, 2000) (appointing a three-member group and one member from a six-person group where it was not done to create the largest financial interest and dwarfed the losses of the competing movant).

initially moving in two separate groups, realized their losses were close – and leaps and bounds ahead of the losses of other movants – and chose to join together post-motion does not somehow render their motion untimely.  Furthermore, as noted, Movants' group clearly was not formed to manufacture the largest financial interest.  Movants have the three biggest individual JKS losses by many multiples.  Wu's loss ($43,183) is six times lower than Meyer's ($244,439), three times lower than Messrs.  Shusterman ($121,698) and Mahmud ($120,785), and 12 times lower than that of the group ($515,626).

The JKS Group has banded together because, as mentioned above, it believes it makes more sense to litigate this case together than fight on a lead plaintiff motion to the possible detriment of themselves and the entire class if a lead plaintiff is appointed with a smaller loss and less motive to achieve a good result.  *See* Joint Declaration at ¶5 (ECF No. 39).

**B.    Wu's Analysis Of Cases Allowing Movants to Join Post-Motion Fails**

Wu's discussion of *Schulman v. Lumenis, Ltd.*, No. 02 Civ.1989 (DAB), 2003 WL 21415287, at *4, 6 (S.D.N.Y. June 18, 2003), highlights the weakness of his argument.  In *Lumenis*, Judge Batts allowed a two member group and an individual to team up after initial motions were filed where these movants, like those comprising the JKS Group, originally made "timely motions".  *Id.*  Wu claims that *Lumenis* has a "crucial" distinction from this case: "[U]nlike the movants in [*Lumenis*], the [JKS Group] did not *individually* make a timely motion for appointment as lead plaintiff because *each of them initially moved in separate groups*…. This distinction is crucial."  Wu Mem. at 4 (emphasis in original).

Not only is this truly a distinction without a difference, but it misrepresents the status of the individual members that make up the JKS Group.  In *Lumenis*, an individual (Jacob Caspi) and a group consisting of an entity (Thomas W. Pruter FBO Stonehedge Securities ("Pruter")) and an individual (Efraim Zwecker) joined forces after the initial motions were filed.  *Lumenis*,

2003 WL 21415287, at *1 n.2.  The fact that in *Lumenis*, an individual and a 2-member group joined together, whereas here, two members from each of two different groups joined together, is meaningless.  Indeed, the court in *Lumenis* held the movants had complied with the 60-day deadline because "the parties . . . had previously filed timely motions" (*see id.*, at *4); not because each part of the new group, *i.e.*, Caspi, on the one hand, and Pruter and Zwecker on the other, originally filed timely motions with no additional movants.  Wu's argument elevates form over substance and simply makes no sense.

Moreover, the distinction highlighted by Wu really is not a distinction at all.  On December 12, 2011, the lead plaintiff motions filed by the two different groups from which the JKS Group members originated listed the names of each individual movant, and described themselves as "movants" as well as a "group".  *See* motions for lead plaintiff and supporting papers filed (ECF Nos. 22, 24, 26, 29, 30).  Although the individual members filed the original lead plaintiff motions as groups, each individual member filed timely motions for purposes of the timeliness requirements.  Thus, while Wu argues that only the groups moved and this somehow demonstrates a distinction that destroys the precedential weight of *Lumenis*, he fails to consider the true status of the members.  *Lumenis*, therefore, is directly on point.  The JKS Group members are individual movants for purposes of their previous lead plaintiff motions and, therefore, the Court should find in its favor as it did in that case.

Similarly, Wu's argument that *Rozenboom* is distinguishable because there was no opposition in that case, is erroneous.  If movants who filed separate, timely motions were statutorily barred from joining up afterwards, the fact of opposition would not matter.  Such a joint motion would simply be dismissed outright as untimely.  *Rozenboom* shows, as does *Lumenis*, that courts in this District allow movants who file timely initial motions to team up

with other movants who have also filed timely initial motions – provided, as here, that it is not an attempt to construct the largest financial interest.

Wu's own case citations fare no better. *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 n.20 (S.D.N.Y. 2010), actually supports the JKS Group's argument. In *Sgalambo*, Judge Scheindlin *allowed* two separate movants, the Kramer Family Investment Partnership Group ("KFIP"), and Anthony Pacchia, to join together after the initial motions were filed. *Id.* The court merely noted that such teaming up was, like that of the JKS Group, "not [in an attempt] to have their losses aggregated for the purposes of calculating the movant with the 'largest financial interest in the relief sought.'" *See id.* Pacchia and KFIP's motion for appointment as lead plaintiffs was rejected because, like Wu, they lacked the largest financial interest. *See id.* at 174. *See also Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 410 (S.D.N.Y. 2004) (court would not accept post-60 day deadline expansion of movant's loss figure); *Skwortz v. Crayfish Co., Ltd.*, No. 00 Civ. 6766 (DAB), 2001 WL 1160745, at *5 (S.D.N.Y. 28, 2001) (movant's initial lead plaintiff motion was made the day on the 61st day);[2] *Singer v. Nicor, Inc.*, No. 02 Civ. 5168, 2002 WL 31356419, at *3 (N.D. Ill. Oct. 17, 2002) (rejecting two movants' attempts to increase loss figures after their initial motions); *In re Vaxgen Sec. Litig.*, No. C 03-1129 (JSW), 2004 U.S. Dist. LEXIS 29812, at *8 (N.D. Cal. Apr. 14, 2004) (reconfigured group rejected where it was created to trump investor with single biggest loss); *In re XM Satellite Radio Holdings Sec. Litig.*, 237 F.R.D. 13, 19-20 (D.D.C. 2006) (group members reconfigured to manufacture largest financial interest; court also noted that "movants may combine to achieve the largest financial interests after the 60-day deadline" in certain circumstances).

---

[2] Wu concedes that he cited most of his case authorities earlier as he states that *Sgalambo*, *Pirelli*, and *Skwortz* were "not cited in [his] prior submissions". *See* Wu Mot. at 4 n.3.

### III.   **WU'S REQUEST FOR 1292(b) CERTIFICATION SHOULD BE REJECTED**

Wu seeks recourse under 28 U.S.C. § 1292(b) asking this Court to certify for interlocutory appeal the issue – before the Court has even ruled – of whether the JKS Group's motion for lead plaintiff was timely because the group's individual members filed within the prescribed deadline prior to formation.  As discussed above, this ruling is consistent with precedent from this District.  Granting such certification will only serve to cause precisely what § 1292(b) is meant to avoid – needless delay and confusion of litigation.

The unusual remedy of granting leave for interlocutory appeal of a non-final order under § 1292(b) is permitted only when all of the following are met:  1) the "order involves a controlling question of law"; 2) "there is a substantial ground for difference of opinion" on that particular controlling question of law; and 3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  Certification is warranted "only in exceptional cases sufficient to overcome the general aversion to piecemeal litigation and to justify a departure from the basic entry of final judgment."  *Consub Del. LLC v. Schahin Engenharia Limitada*, 476 F. Supp. 2d 305, 308–309 (S.D.N.Y. 2007), *aff'd*, 543 F.3d 104 (2d Cir. 2008) (internal citations omitted).  An interlocutory appeal should be "limited to those extraordinary cases where appellate review might avoid protracted and expensive litigation, and is not intended as a vehicle to provide early review of difficult rulings in hard cases."  *Mills v. Everest Reinsurance Co.*, 771 F. Supp. 2d 270, 273 (S.D.N.Y. 2009).

The Court should deny Wu's request because he fails to meet any of the requirements to properly certify the stated issue for interlocutory appeal.

### A.     The Appointment of Lead Plaintiff Does Not Involve a Controlling Question of Law

The first requirement under § 1292(b) is that the order for which appeal is being sought must involve a controlling question of law.  28 U.S.C. § 1292(b).  Not only has Wu failed to articulate a controlling question of law, but he has misrepresented the standard upon which this Court must determine whether he has satisfied this first factor.  Rather than merely an issue "serious to the conduct of the litigation," 1292(b) requires that the issue "refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record."  *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 370-71 (S.D.N.Y. 2008), *aff'd*, 354 F. App'x 496 (2d Cir. 2009) (internal citations and quotation marks omitted).  Thus, mixed questions of law and fact, in which a court is asked to review the application of a particular set of facts to the law, are not appropriate for certification pursuant to § 1292(b).  *Id.*  Furthermore, even if the issue for appeal is a pure question of law, it must also be "controlling," meaning either a "reversal of the district court's order would terminate the action" or "it substantially affects a large number of cases."  *In re Payroll Express Corp.*, 921 F. Supp. 1121, 1126 (S.D.N.Y. 1996).  The issue presented by Wu for certification fails to meet either standard.

First, the issue is not a pure question of law, but requires a fact-based inquiry into the formation of the JKS Group.  As Wu himself points out, courts in this District have already ruled that previously filed timely motions by individuals qualified for the 60-day deadline of a newly formed group of the same individuals who simply amended their initial motions past the period.  *See Lumenis*, 2003 WL 21415287, at *4.  Yet, as discussed above, Wu has failed to articulate any relevant distinction between the current facts and those in *Lumenis*.  An interlocutory review of the timeliness issue will, thus, necessarily require a review and analysis of the facts, as it did

in *Lumenis*, to determine whether the initial motions made by the individuals in separate groups satisfy the deadline.

Second, the issue is not controlling, a critical component of the first requirement wholly ignored by Wu in his motion. Wu's motivations for making this motion are clear – he endeavors to be inserted into the role of lead plaintiff so that he can direct and control this litigation. *See* Wu Motion at 7. Thus, by making this motion, Wu has tacitly acknowledged that failure to certify the issue for appeal would not terminate the action. The litigation would continue regardless of which party or group is appointed as lead plaintiff.

Examples of controlling questions of law suitable for interlocutory appeal include whether subject matter or personal jurisdiction exists, or venue is proper. In those cases, a court's "[r]eversal may very well mean the discontinuance of the lawsuit." *Tucker v. Arthur Andersen & Co.*, 67 F.R.D. 468, 485 (S.D.N.Y. 1975). The controlling question here, lead plaintiff appointment, has no effect on whether the lawsuit will continue.

Further, Wu asserts that no court of appeals has ever addressed this issue in the nearly 20 years since the enactment of the PSLRA. If true, this dearth of cases makes it exceedingly doubtful that *any* ruling on the timeliness issue here will "substantially affect[] a large number of cases," in the future. *See In re Payroll Express Corp.*, 921 F. Supp. at 1126. Moreover, as described above, the question of law "is fact-specific and therefore. . .would [not] affect a large number of cases." *Tyco Int'l, Ltd. v. Kozkowski*, No. 02 Civ. 7317 (TPG), 2011 WL 2038763, at *4 (S.D.N.Y. May 24, 2011).

Wu's argument that the issue represents a controlling question of law is three-fold: 1) allowing the JKS Group's amended motion would disrupt the leadership structure of the PSLRA because the timeliness requirement is mandatory; 2) Wu has been deprived of his

statutory right to serve as lead plaintiff as sole movant and thus, he has lost his right to appeal a final judgment without the right to control the litigation; and 3) the issue only requires statutory interpretation and no factual determination.  Wu Motion at 7.

Among them, only the third addresses the standard outlined for determining whether the issue is a controlling question of law, but, as described above, the Court's analysis will require more than just legal analysis.  Further, even if Wu loses the right to serve as lead plaintiff, his right to appeal a final judgment remains intact as he is still a named plaintiff movant and a member of the class whose interests could be affected by a final judgment in this litigation. *Shore v. Parklane Hosiery*, 606 F.2d 354, 357 (2d Cir. 1979) (recognizing class members' right to appeal from a final judgment).

For these reasons, the Court should find that the issue is not a controlling question of law and Wu's request for certification should be denied.

**B.      The Issue Does Not Present a Substantial Ground for a Difference of Opinion**

Under § 1292(b), the requirement that such a substantial ground for a difference of opinion exists is met when "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit."  *In re Lloyd's Am. Trust Funds Litig.*, No. 96 Civ. 1262, 1997 WL 458739, at *5 (S.D.N.Y. Aug. 12, 1997).  "The mere presence of a disputed issue that is a question of first impression, [without more], is insufficient [to satisfy this prerequisite]."  *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996).  Rather, the issue must "arise out of a genuine doubt as to the correct applicable legal standard relied on in the order." *In re Marketxt Holdings Corp.*, No. M-47 (SHS), 2009 WL 1286130, at *1 (S.D.N.Y. May 05, 2009).  The district court must "analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is substantial ground for dispute."  *Id.*

Wu cites just two cases to show that there is a *substantial ground for difference of opinion* regarding the applicability of the 60-day deadline to groups.  In *Lumenis*, a court in this District found that the lead plaintiff motions filed by individuals within the prescribed 60-day period qualified as timely for a later formed group made up of the same individuals.  *Lumenis*, 2003 WL 21415287, at *4.  In *Skwortz*, the Court denied the group seeking appointment of lead plaintiff because it had filed one day after the deadline had passed with no valid excuse. *Skwortz*, 2001 WL 1160745, at *5 n.7 ("[E]ven if the 60 day requirement was not mandatory, the [ ] Group has provided this Court with no good cause for tolling the statutory requirement in this case.").  The stark differences in the facts presented by these two cases highlights Wu's misplaced attempt to show their contradiction – in one, the parties had already filed as individuals and saw no need to do so again, and in the other, the party simply missed the boat. These cases, therefore, are not in conflict with each other.

Notwithstanding Wu's failure to highlight a relevant ground for disagreement, the Second Circuit makes clear that the mere presence of a disputed issue is not enough to satisfy this requirement for certification.  *Flor*, 79 F.3d at 284.  "A mere claim that a district court's decision was incorrect does not suffice to establish substantial ground for a difference of opinion." *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, 426 F. Supp. 2d 125, 129 (S.D.N.Y. 2005).  Instead, there must be "substantial doubt" that the decision (although none has even been rendered here) was correct.  *N.F.L. Ins. Ltd. v. B & B Holdings, Inc.*, No. 91 Civ. 8580 (PKL), 1993 WL 255101, at *2 (S.D.N.Y. July 1, 1993); *see also Flor*, 79 F.3d at 284.

Wu may disagree about the Court's more flexible approach to the 60-day deadline, but that is insufficient to support certification for interlocutory appeal.  Several courts have allowed motions to be filed in excess of the 60-day deadline for various reasons, including a nearly

identical scenario as this in *Lumenis*.  *See Lumenis*, 2003 WL 21415287, at \*4; *see also*

*Rozenboom*, 2004 WL 816440, at \*4; *Steiner v. Frankino*, No. 1:98-cv-264, 1998 WL 34309018,

at \*3 (N.D. Ohio 1998).  *See also infra* at 4-5.  The fact that some courts have strictly applied the

deadline to parties with no valid excuse for missing it does not contradict the reasoning of these

courts and most certainly does not amount to substantial grounds for difference of opinion.

Accordingly, Wu has failed to satisfy this prerequisite to certification of his interlocutory appeal.

### C.   Certification of Wu's Appeal Will Further Delay the Litigation Rather Than Materially Advance its Ultimate Termination

Wu's motion is devoid of any facts or arguments upon which a finding could be made

that the certification of an immediate appeal may materially advance the ultimate termination of

the litigation.  § 1292(b).  Interlocutory appeal should be denied if the case will proceed

irrespective of a reversal of the district court's order.  *See Arnett v. Gerber Scientific, Inc.*, 575 F.

Supp. 770, 772 n.1 (S.D.N.Y. 1983) (reversal of the district court's order would not materially

advance the litigation because they were indispensable parties to the action under Fed. R. Civ. P.

19); *see also Primavera Familienstifung v. Askin*, 139 F. Supp. 2d 567, 572 (S.D.N.Y. 2001)

(holding that "[t]he elimination of a small number of plaintiffs out of a total of approximately

fifty [ ] does not satisfy the standard of materially advancing the ultimate termination of th[e]

litigation.") (citing *German v. Fed. Home Loan Mortg. Corp.*, 896 F. Supp. 1385, 1398

(S.D.N.Y. 1995).

Here, this case will proceed irrespective of appellate review of the timeliness issue.

Thus, there is no scenario by which reversal would materially advance ultimate termination of

the litigation.  Allowing Wu to proceed with this "piecemeal interlocutory appeal would run

counter to the interests of judicial efficiency" – precisely what § 1292(b) seeks to avoid.  *Amtec*

*Int'l of N.Y. Corp. v. Beverage Alliance, LLC*, No. 10-CV-1147 (NGG) (SMG), 2011 WL

4597480, at *2 (S.D.N.Y. Sept. 30, 2011).

Finally, allowing an interlocutory appeal will invariably delay this case for class

members.  Would Defendants allow the case to proceed and brief a motion to dismiss when they

might have to do so over again depending on what the Second Circuit ruled?  If appeal was

granted, and Wu prevailed, would he adopt an amended complaint investigated, drafted, and

filed by the JKS Group?  In the meantime, any recovery for class members would be severely

delayed.  Further, the memories of witnesses will fade and investigations are harder to conduct as

the amount of time elapsed since the alleged fraud grows.

Because Wu has not met the criteria for certification, certification will not advance this

case in any meaningful way, and certification will only cause unnecessary delay, the Court

should deny Wu's motion for certification under §1292(b).

## <u>CONCLUSION</u>

For all these reasons, Wu's motion for reconsideration or for certification under 28

U.S.C. Section 1292(b) should be denied.

DATED:  February 6, 2012                              Respectfully submitted,


                                                      */s/*
                                                      **BERNSTEIN LIEBHARD LLP**
                                                      Sandy A. Liebhard (liebhard@bernlieb.com)
                                                      U. Seth Ottensoser (ottensoser@bernlieb.com)
                                                      Christian Siebott (siebott@bernlieb.com)
                                                      Joseph R. Seidman, Jr.
                                                      (seidman@bernlieb.com)
                                                      David Harrison (harrison@bernlieb.com)
                                                      10 E. 40th Street
                                                      New York, NY  10016
                                                      Telephone:  (212) 779-1414

**ZAMANSKY & ASSOCIATES, LLC**
Jacob H. Zamansky (jake@zamansky.com)
Edward H. Glenn, Jr. (eglenn@zamansky.com)
Kevin D. Galbraith (kevin@zamansky.com)
50 Broadway, 32nd Floor
New York, New York 10004
Telephone:  (212) 742-1414

*Co-Counsel for Movants and Proposed Co-Lead Counsel for the Proposed Class*

SIANNI & STRAITE, LLP
David A. Straite
Ralph N. Sianni
100 Park Ave., Suite 1600
New York, NY  10017

*Co-Counsel for Movants*

15

**CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2012, I served all counsel of record with the attached

document via ECF.

/s/_____
JOSEPH R. SEIDMAN, JR.