UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARCO PETERS, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　-v-<br><br>JINKOSOLAR HOLDING CO., LTD., XIANDE LI, KANGPING CHEN, XIANHUA LI, WING KEONG SIEW, HAITAO JIN, ZIBIN LI, STEVEN MARKSCHEID, LONGGEN ZHANG, CREDIT SUISSE SECURITIES (USA) LLC, OPPENHEIMER & CO. INC., ROTH CAPITAL PARTNERS, LLC, WILLIAM BLAIR & CO., and COLLINS STEWART LLC,<br><br>　　　　　　　　　　Defendants. | 11-CV-7133 (JPO)<br><br>ORDER |

**ORDER FOR PRELIMINARY APPROVAL OF SETTLEMENT,
NOTICE, AND HEARING**

WHEREAS, an action is pending before this Court styled *Marco Peters v. JinkoSolar Holding Co., Ltd., Xiande Li, Kangping Chen, Xianhua Li, Wing Keong Siew, Haitao Jin, Zibin Li, Steven Markscheid, Longgen Zhang, Credit Suisse Securities (USA) LLC, Oppenheimer & CO., Inc., Roth Capital Partners, LLC, and Collins Stewart LLC,* No. 11 Civ. 7133 (JPO) (the "Action");

WHEREAS, the Lead Plaintiffs having made a motion, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Action, in accordance with a Stipulation of Settlement dated September 15, 2015 (the "Settlement Agreement" or the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action between the Parties and for dismissal of the Action against the Defendants and the Released Parties with prejudice upon the terms and conditions set forth

therein; and the Court having read and considered the Settlement Agreement and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has reviewed the Stipulation and does hereby preliminarily approve the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. The Court finds that: (a) the Settlement Agreement resulted from arm's-length negotiations; and (b) the Settlement Agreement is sufficiently fair, reasonable and adequate as to the Class Members to warrant providing notice of the Settlement to Class Members and holding a Settlement Hearing.

3. A hearing (the "Settlement Hearing") shall be held before this Court on March 11, 2016, at 10:00 a.m., at Courtroom 706 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; to determine whether an Order and Final Judgment as provided in ¶ 21 of the Settlement Agreement should be entered; to determine whether the proposed Plan of Allocation should be approved; to determine any amount of fees, costs, and expenses that should be awarded to Co-Lead Counsel; to hear any objections by Class Members to the Settlement Agreement or Plan of Allocation or any award of fees, costs, and expenses to Co-Lead Counsel; and to consider such other matters as the Court may deem appropriate. The Court may adjourn the Settlement Hearing without further notice to Members of the Class.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies for purposes of settlement only a Class consisting of all persons and entities who purchased or otherwise acquired JinkoSolar Holding Co., Ltd. New York Stock Exchange-traded ADSs (NYSE:JKS) between May 13, 2010 and September 20, 2011 (the "Class Period"), either in or traceable to the May 13, 2010 initial public offering or the November 4, 2010 secondary offering, or on the open market during the Class Period, and were damaged thereby. Excluded from the Class are the following: JKS, and its officers, directors, employees, affiliates, legal representatives, predecessors, successors and assigns, and any entity in which any of them have a controlling interest or are a parent, and Defendants and their immediate family members, employees, legal representatives, affiliates, heirs, predecessors, successors, and assigns and any entity in which any of them has a controlling interest. Also excluded from the Class are any putative Class Members who exclude themselves by timely filing a request for exclusion in accordance with the requirements set forth in the Notice.

5. Solely for purposes of the Settlement, the Court preliminarily finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the members of the Class are so numerous that joinder of all Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Class that predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class; (d) Lead Plaintiffs and its counsel have fairly and adequately represented and protected the interests of Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of this Settlement only, Lead Plaintiffs Abdullah al-Mahmud, Azriel Shusterman, and Vaughn Leroy

Meyer are certified as class representatives and Co-Lead Counsel Bernstein Liebhard LLP and Zamansky LLC are certified as class counsel.

7. The Court approves the form, substance, and requirements of the Notice, Publication Notice, and Proof of Claim and Release form, substantially in the forms annexed hereto as Exhibits A-1 through A-3.

8. The Court appoints the Garden City Group, LLC as Claims Administrator ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below. The Parties and their counsel shall not be liable for any act or omission of the Claims Administrator:

(a) Not later than ten (10) calendar days after entry of this Order, JKS shall provide the Claims Administrator with records from its transfer agent sufficient to identify purchasers of JKS ADS during the Class Period, as well as for one trading day after the Class Period;

(b) Not later than eighteen (18) business days after entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and Proof of Claim and Release form, substantially in the forms annexed hereto, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort and to be posted on the Settlement website at www.jinkosolarsecuritiessettlement.com;

(c) Not later than ten (10) calendar days after the Notice Date, the Claims Administrator shall cause the Publication Notice to be published once in the national edition of *Investor's Business Daily* and once over a national newswire service; and

(d) Not later than twenty-one (21) calendar days prior to the Settlement Hearing, Co-Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

9. Nominees who purchased JKS ADS during the Class Period shall be requested to send the Notice and Proof of Claim and Release form to such beneficial owners of JKS ADS within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim and Release form to such beneficial owners.

10. The form and content of the notice program described herein, and the methods set forth herein for notifying the Class of the Settlement and its terms and conditions, the Fee and Expense Application, and the Plan of Allocation meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

11. Other than the cost of providing the applicable transfer records to the Claims Administrator, and the costs and expenses of providing notice pursuant to the Class Action Fairness Act, all fees, costs, and expenses incurred in identifying and notifying members of the Class shall be paid from the Settlement Fund and in no event shall any of the Released Parties bear any responsibility for such fees, costs, or expenses except to the extent the Settlement is terminated and ¶ 25 of the Settlement Agreement is invoked.

12. All Members of the Class (except Persons who request exclusion pursuant to ¶ 17 below) shall be bound by all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including, without

limitation, by submitting a Proof of Claim and Release form or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

13. Pending final determination by the Court as to whether the Settlement, as set forth in the Settlement Agreement, is fair, reasonable and adequate and should be finally approved and whether the Judgment dismissing the Action with prejudice should be approved, no Class Member, either directly, representatively or in any other capacity, shall assert, commence or prosecute against any of the Defendants or the Released Parties any of the Released Claims in this Action, or in any other proceeding or forum. This injunction is necessary to protect and effectuate the Settlement, this Order, and the Court's flexibility and authority to effectuate the Settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments.

14. Class Members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim and Release must be postmarked no later than ninety (90) calendar days from the Notice Date. Any Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, Co-Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby. Co-Lead Counsel shall bear no liability for declining to accept any late-submitted claims.

15. The Proof of Claim and Release submitted by each Class Member must satisfy the following conditions, unless otherwise ordered by the Court: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding

paragraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Co-Lead Counsel; (iii) if the person executing the Proof of Claim and Release is acting in a representative capacity, a certification of her current authority to act on behalf of the Class Member must be included in the Proof of Claim and Release; and (iv) the Proof of Claim and Release must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

16. Any member of the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. If the member of the Class does not enter an appearance, he, she, or it will be represented by Co-Lead Counsel.

17. Any person or entity falling within the definition of the Class may, upon request, be excluded from the Class. Any such person or entity must submit to the Claims Administrator a request for exclusion ("Request for Exclusion") so that it is received no later than twenty-eight (28) calendar days before the Settlement Hearing. A Request for Exclusion must be signed and state (a) the name, address, and telephone number of the person or entity requesting exclusion; (b) the person or entity's purchases and sales of JKS ADS during the period of May 12, 2010 through December 19, 2011 supported by brokerage documentation showing the dates, the number of JKS ADS purchased/sold, and prices paid/received for each transaction excluding commissions, fees, and taxes; and (c) that the person or entity wishes to be excluded from the Class. All persons and entities who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall

7

have no rights under the Settlement Agreement and shall not share in the distribution of the Net Settlement Fund.

18. Co-Lead Counsel shall cause to be provided to Defendants' counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event not less than fourteen (14) calendar days prior to the Settlement Hearing.

19. Any Class Member may appear and object if he, she, or it has any reason why the proposed Settlement of the Action should not be approved as fair, reasonable and adequate, or why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, why attorneys' fees, costs, and expenses should not be awarded to Co-Lead Counsel; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or any attorneys' fees, costs, and expenses to be awarded to Co-Lead Counsel, unless written objections and copies of any papers and briefs are received by Bernstein Liebhard LLP, Michael S. Bigin, 10 East 40th Street, New York, NY 10016 and Shearman & Sterling LLP, Brian H. Polovoy, 599 Lexington Avenue, New York, NY 10022, no later than twenty-eight (28) calendar days before the Settlement Hearing, and said objections, papers, and briefs are filed with the Clerk of the United States District Court for the Southern District of New York, no later than twenty-eight (28) calendar days before the Settlement Hearing. Any Class Member who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Settlement Agreement, to the Plan of Allocation, and to the award of attorneys' fees, costs, and expenses to Co-Lead Counsel, unless otherwise ordered by the Court. Attendance at the Settlement

Hearing is not necessary. However, any person or entity wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees, costs, and expenses are required to indicate in their written objection their intention to appear at the hearing. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

20. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

21. All papers in support of the Settlement, Plan of Allocation, and any application by Co-Lead Counsel for attorneys' fees, costs, and expenses shall be filed no later than twenty-one (21) calendar days prior to the Settlement Hearing and any reply papers shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

22. The Released Parties shall have no responsibility for the Plan of Allocation or any application for attorneys' fees, costs, or expenses submitted by Co-Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

23. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Co-Lead Counsel, and any application for attorneys' fees, costs, and expenses, should be approved.

24. All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Settlement Agreement. In the event the Court does not approve the Settlement, or it otherwise fails to become effective, the Settlement Fund shall be returned to the entities that provided it, as described in the Settlement Agreement.

25. Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations, discussions, proceedings connected with it, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement may be construed as an admission or concession by the Defendants or any other Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind, or offered or received in evidence, or otherwise used by any person in the Action, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, except in connection with any proceeding to enforce the terms of the Settlement Agreement. The Released Parties, Lead Plaintiffs, Class Members, and each of their counsel, may file the Settlement Agreement and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

26. All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.

27. The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the members of the Class, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶ 3 above, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

28.  If the Settlement fails to become effective as defined in the Settlement Agreement or is terminated, then, in any such event, the Settlement Agreement, including any amendment(s) thereof, except as expressly provided in the Settlement Agreement, and this Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties and they shall be deemed to have reverted to their respective litigation positions in the Action as of immediately prior to the execution of the Settlement Agreement.

SO ORDERED.

Dated: September 17, 2015
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

11