## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARCO PETERS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>JINKOSOLAR HOLDING CO., LTD., XIANDE LI, KANGPING CHEN, XIANHUA LI, WING KEONG SLEW, HAITAO JIN, ZIBIN LI, STEVEN MARKSCHEID, LONGGEN ZHANG, CREDIT SUISSE SECURITIES (USA) LLC, OPPENHEIMER & CO. INC., ROTH CAPITAL PARTNERS, LLC, WILLIAM BLAIR & CO., and COLLINS STEWART LLC,<br><br>Defendants. | No. 11 Civ. 7133 (JPO)<br><br>Class Action<br><br> |

## ORDER AND FINAL JUDGMENT

**WHEREAS**, Lead Plaintiffs Abdullah al-Mahmud, Azriel Shusterman, and Vaughn Leroy Meyer ("Lead Plaintiffs")[1] on behalf of themselves and the Class, and Defendants JinkoSolar Holding Co., Ltd. ("JKS"), Steven Markscheid, Credit Suisse Securities (USA) LLC, Oppenheimer & Co. Inc., Roth Capital Partners, LLC, William Blair & Co., and Collins Stewart LLC (n/k/a Canaccord Genuity Securities LLC) ("Defendants"), by and through their counsel entered into the Stipulation of Settlement dated September 15, 2015, providing for the settlement and release of all Released Claims and Released Defendants' Claims, which include Unknown

---

[1] Plaintiff Richard Matkevich was also appointed as a Lead Plaintiff, but he predeceased the Stipulation. A Suggestion of Death was filed pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure. Accordingly, the term Lead Plaintiffs will refer to the three remaining individuals appointed by the Court as Lead Plaintiffs.

Claims, on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

**WHEREAS**, unless otherwise defined in this Order and Final Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation and its exhibits;

**WHEREAS**, in the Order for Preliminary Approval of Settlement, Notice, and Hearing dated September 17, 2015, this Court (a) preliminarily approved the Settlement; (b) preliminarily certified the Action as a class action for settlement purposes; (c) ordered that notice of the proposed Settlement be provided to potential Class Members; (d) provided Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

**WHEREAS**, due and adequate notice has been given to the Class;

**WHEREAS**, the Court conducted a hearing on March 11, 2016 (the "Settlement Hearing") to consider, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable, and adequate and should therefore be approved; (ii) whether a judgment should be entered dismissing the Action with prejudice; (iii) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among Class Members; and (iv) whether and in what amount to award Co-Lead Counsel's and Lead Plaintiffs' fees and reimbursement of expenses;

**WHEREAS**, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held in connection with the Settlement, and the record in the Action, and with good cause appearing therefor;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.     This Order and Final Judgment incorporates by reference the definitions of terms defined in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation and its exhibits.

2.     The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including, but not limited to, the Lead Plaintiffs, all Class Members (including any Class Members who did not file a proper and timely request for exclusion), and the Defendants.

3.     Lead Plaintiffs Abdullah al-Mahmud, Azriel Shusterman, and Vaughn Leroy Meyer are hereby appointed, for settlement purposes only, as "Class Representatives" in respect of the Class for purposes of Federal Rule of Civil Procedure 23.  Bernstein Liebhard LLP and Zamansky LLC, which were appointed by the Court to serve as Co-Lead Counsel, are hereby appointed, for settlement purposes only, as counsel for the Class pursuant to Rules 23(c)(1)(B) and (g) of the Federal Rules of Civil Procedure.

4.     Pursuant to the Order for Preliminary Approval of Settlement, Notice, and Hearing, the Court certified, for settlement purposes only, a Class consisting of:

> all persons and entities who purchased or otherwise acquired JinkoSolar Holding Co., Ltd. New York Stock Exchange-traded ADSs (NYSE:JKS) between May 13, 2010 and September 20, 2011 (the "Class Period"), either in or traceable to the May 13, 2010 initial public offering or the November 4, 2010 secondary offering, or on the open market during the Class Period, and were damaged thereby. Excluded from the Class are the following:  JKS, and its officers, directors, employees, affiliates, legal representatives, predecessors, successors and assigns, and any entity in which any of them have a controlling interest or are a parent, and Defendants and their immediate family members, employees, legal representatives, affiliates, heirs, predecessors, successors, and assigns and any entity in which any of them has a controlling interest.  Also excluded from the Class are any putative Class Members who exclude themselves by timely filing a request for exclusion in accordance with the requirements set forth in the Notice.

5.      The Class that this Court preliminarily certified in the Order for Preliminary Approval of Settlement, Notice, and Hearing is hereby finally certified for settlement purposes under Federal Rule of Civil Procedure 23(b)(3).

6.      The persons listed on Exhibit A, annexed hereto, have submitted requests for exclusion from the Class that were accepted by the Court.  By virtue of such requests, those persons are deemed not to be members of the Class, and have no rights to participate in the Settlement or to receive any distributions from the Net Settlement Fund.  Except for those persons listed on Exhibit A, no other persons have submitted requests for exclusion from the Class that were accepted by the Court.  The persons listed on Exhibit A are the only persons whose requests for exclusion have been accepted, and, as a consequence, these persons are not bound by the terms of the Stipulation and this Order and Final Judgment.

7.      In granting final certification of the Class, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that:  (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the proposed settlement class representatives are typical of the claims of the Class; (d) the proposed Class Representatives and Co-Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

8.      The Stipulation and the Settlement are approved as fair, reasonable, and adequate, and in the best interests of the Class, and the Class Members and the parties to the Stipulation are directed to implement the Stipulation in accordance with its terms and provisions.

9.      The complaints filed in the Action are hereby dismissed with prejudice and without costs, except as provided in the Stipulation.

10.      The Court finds that the complaints filed in the Action were filed on a good faith basis in accordance with the Private Securities Litigation Reform Act of 1995 ("PSLRA") and Rule 11 of the Federal Rules of Civil Procedure.  The Court further finds that during the course of the Action, the parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

11.      The Notice was disseminated and published in accordance with the Order for Preliminary Approval of Settlement, Notice, and Hearing.  The form and method of notifying the Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Securities Exchange Act of 1934 (as amended by the PSLRA), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all Class Members entitled thereto.

12.      Neither this Order and Final Judgment, the Stipulation, the Supplemental Agreement, nor any negotiations or proceedings connected thereto, nor any of the documents, provisions, or statements referred to therein:  (i) is, or shall be deemed to be, or shall be used as an admission of any Released Party, or any other person of the validity of any Released Claims, or any wrongdoing by or liability of any Released Party; (ii) is, or shall be deemed to be, or shall be used as an admission of any fault or omission of any Released Party in any statement, release, or written documents issued, filed, or made; (iii) shall be offered or received in evidence against any Released Party in any civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal other than such proceedings as may be necessary to consummate or enforce the Stipulation, the Settlement set forth

therein, the releases provided pursuant thereto, and/or this Order and Final Judgment, except that the Stipulation may be filed by any Released Party in this Action or in any subsequent action brought against any of the Released Parties in order to support a defense or counterclaim of any Released Party of *res judicata*, collateral estoppel, release, good faith settlement, or any theory of claim or issue preclusion or similar defense or counterclaim, including, without limitation, specific performance of the Settlement embodied in the Stipulation as injunctive relief; (iv) shall be construed against the Released Parties, Lead Plaintiffs, and Class Members as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and (v) shall be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiffs and Class Members, or any of them, that any of their claims are without merit or that damages recoverable in the Action would not have exceeded the Cash Settlement Amount.

13.   The releases set forth in the Stipulation (the "Releases"), together with the definitions contained in the Stipulation relating thereto, are expressly incorporated herein in all respects.   The Releases are effective as of the Effective Date.   Accordingly, this Court orders that:

(a)   Upon the Effective Date of this Settlement, Lead Plaintiffs and all the other Class Members on behalf of themselves, their personal representatives, heirs, executors, administrators, trustees, predecessors, successors and assigns, with respect to each and every Released Claim, release and forever discharge, and are forever enjoined from prosecuting, any Released Claims against any of the Released Parties, and shall not institute, continue, maintain or assert, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any Released Party or any other person who may claim any form of

contribution or indemnity from any Released Party in respect of any Released

Claim or any matter related thereto, at any time on or after the Effective Date.

(b)     Upon the Effective Date of this Settlement, Defendants, on behalf of themselves,

their heirs, executors, administrators, predecessors, successors and assigns,

release and forever discharge each and every of the Released Defendants' Claims,

and are forever enjoined from prosecuting the Released Defendants' Claims

against Lead Plaintiffs, all other Class Members, and their respective counsel.

14.     The terms of the Stipulation and of this Order and Final Judgment shall be forever

binding on Defendants, Lead Plaintiffs, and all other Class Members (regardless of whether or not any

individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the

Net Settlement Fund), as well as their respective heirs, executors, administrators, predecessors,

successors, and assigns.

15.     The Escrow Agent shall maintain the Settlement Fund in accordance with the

requirements set forth in the Stipulation.  No Released Party, shall have any liability, obligation, or

responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement

Fund.  Co-Lead Counsel, Lead Plaintiffs, the Escrow Agent, and the Claims Administrator shall have no

liability to any Class Member with respect to any aspect of the administration of the Settlement Fund,

including, but not limited to, the processing of Proof of Claim forms and the distribution of the Net

Settlement Fund to Class Members.

16.     The Plan of Allocation is approved as fair and reasonable, and Co-Lead Counsel and the

Claims Administrator are directed to administer the Stipulation in accordance with its terms and

provisions.  Any further orders or proceedings solely regarding the Plan of Allocation shall in no way

disturb or affect this Order and Final Judgment and shall be separate and apart from it.

17.     Pursuant to the PSLRA, 15 U.S.C. § 78u-4(f)(7)(A), and applicable law, upon the

Effective Date, any and all claims, actions, allegations, causes of action, demands, or rights, however

denominated and whether presently known or unknown, seeking contribution as that term is defined for

purposes of the PSLRA or other law, or seeking indemnification for claims arising under the federal

securities laws or for state law claims arising out of or related to the Action, by any person or entity

against the Defendants, and by any Defendant against any person or entity, other than a person or entity

whose liability has been extinguished by the settlement of the Defendant, are hereby barred and

discharged against any Released Party.

18.     Co-Lead Counsel are hereby awarded 30% of the Gross Settlement Fund in attorneys'

fees, which sum the Court finds to be fair and reasonable, and $79,466.99 in reimbursement of expenses,

which shall be paid to Co-Lead Counsel from the Gross Settlement Fund with interest at the same net

rate that the Gross Settlement Fund earns.   The award of attorneys' fees shall be allocated among

additional plaintiffs' counsel in a fashion which, in the opinion of Co-Lead Counsel, fairly compensates

any additional plaintiffs' counsel for their respective contributions in the prosecution of the Action.

19.     In making this award of attorneys' fees and reimbursement of expenses, the Court has

considered and found that:

        (a)     The Settlement has created a fund of $5,050,000 in cash that is already on

deposit, and numerous Class Members who submit, or have submitted, acceptable Claim Forms

will benefit from the Settlement created by Co-Lead Counsel.

        (b)     Over 49,000 copies of the Notice was disseminated to Class Members

indicating that Co-Lead Counsel were moving for attorneys' fees in the amount of 30% of the

Gross Settlement Fund and for reimbursement of expenses in an amount not to exceed $90,000

and <u>no</u> objections were filed against the Fee and Expenses Application filed by Co-Lead Counsel contained in the Notice;

      (c)    Co-Lead Counsel have litigated the Action and achieved the Settlement with skill, perseverance, and diligent advocacy;

      (d)    The Action involves complex factual and legal issues and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

      (e)    Had Co-Lead Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from the Defendants;

      (f)    Co-Lead Counsel have devoted over <u>2,312</u> hours, with a lodestar value of <u>$1,752,109.50</u>, to achieve the Settlement; and

      (g)    The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund is fair, reasonable and consistent with fee and expense awards in similar cases.

20.    The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid to Co-Lead Counsel from the Gross Settlement Fund immediately after the date this Order and Final Judgment is executed subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

21.    This Court hereby retains exclusive jurisdiction over the Parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Settlement Class.

- 10 -

22.     In the event the Effective Date does not occur, then this Order and Final Judgment shall be rendered null and void and shall be vacated and, in such event, the Stipulation, and all orders entered and releases delivered in connection herewith, shall be null and void.

23.     Without further approval from the Court, the parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (i) are not materially inconsistent with this Order and Final Judgment; and (ii) do not materially limit the rights of Class Members in connection with the Settlement.  Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

Dated: New York, New York

March 11, 2016

_____
HONORABLE J. PAUL OETKEN
UNITED STATES DISTRICT JUDGE

**EXHIBIT**

**VALID EXCLUSIONS: NONE**